In re BATTERY KING MANUFACTURING COMPANY, INCORPORATED.

(Filed 22 September, 1954.)

**1. Setoffs § 1—**

Setoff operates as payment only when there are reciprocal demands, and may be invoked only where there is mutuality of parties and of demands.

**2. Same: Assignments § 5: Receivers § 12b (1)—Notice of assignment of account held sufficient under the statute, defeating debtor's right of setoff.**

Purchase order for goods was issued by the purchaser's wholly owned subsidiary acting as purchasing agent. The goods were delivered to the purchaser's warehouse, and invoices delivered to the purchasing agent. One of the invoices was stamped with notice that account for the goods had been assigned to and was owned by a factor. The invoice stamped with the notice was retained by the purchasing agent, and the other invoice was sent to the purchaser. The seller later became insolvent, and the purchaser sought to set off a debt due it by the seller against the account for the goods in the receiver's hands. *Held:* If the purchaser and its purchasing agent are treated as a single entity for the purpose of showing mutuality of parties and obligations as a basis of setoff, they must be treated as a single entity in resolving the question of notice, and therefore, notice stamped on the invoice received by the purchasing agent must be treated as notice to the purchaser within the meaning of G.S. 44-80 (1), (c), and such assignment defeats the purchaser's right to setoff.

**3. Assignments § 5: Receivers § 9—**

Merchandise was delivered to the purchaser with copies of the invoice, one of which was stamped with notice that the account had been assigned to a named factor. The factor paid the seller for the account. The goods were refused by the purchaser on the ground that they were defective, and returned to the seller. Upon receivership of the seller, the receiver sold

the same goods to the original customer at a reduced price. *Held:* Under the provisions of G.S. 44-84 the purchase money received from the sale of the goods by the receiver was impressed with a trust in favor of the assignee, and the assignee may assert his claim therefor as against the receiver.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by claimant Rawleigh, Moses & Company, Inc., from *McSwain, Special Judge,* at 26 October, 1953, Term of FORSYTH. Reversed.

*Craige & Craige and Roger B. Hendrix for Rawleigh, Moses & Co., Inc., appellant.*

*Harvey A. Lupton and Parker & Lucas for Battery King Manufacturing Company, appellee.*

*Womble, Carlyle, Martin & Sandridge, and Charles F. Vance, Jr., for Duke Power Company, appellee.*

JOHNSON, J. This is a receivership proceeding involving the validity and priority of claims against an insolvent corporation, heard below by the presiding judge on exceptions to the report of the receiver.

Battery King Manufacturing Company, Inc., hereinafter referred to as Battery King, is the corporation in receivership. It was engaged in the business of reconditioning and selling motor vehicle batteries.

Rawleigh, Moses & Co., Inc., hereinafter referred to as Rawleigh-Moses, is a factoring corporation engaged in the business of purchasing accounts receivable from businesses which find it advantageous to reduce their receivables to quick liquidity.

At the time Battery King passed into receivership it was operating under an unregistered factoring agreement with Rawleigh-Moses executed 2 June, 1952, whereby Rawleigh-Moses would factor, *i.e.,* purchase at a fixed rate the accounts receivable of Battery King and collect the moneys due thereon directly from the various debtors.

The appeal relates to two claims filed with the receiver. One involves a setoff claimed by Duke Power Company, the other an assigned account receivable for a shipment of goods rejected by Burlington Mills. Both claims were resolved against the factoring firm of Rawleigh-Moses in the court below. We discuss them *seriatim.*

1. *The Setoff Claim of Duke Power Company.*—At the time Battery King went into receivership, it owed Duke Power Company, hereinafter referred to as Duke Power, the sum of $381.25; whereas Duke Power owed a Battery King account receivable of $227.56. Duke Power claimed the right to set off the sum due it by Battery King against the amount it owed on the Battery King account receivable. The setoff claim was con-

tested by the factor, Rawleigh-Moses, on the ground that the Battery King receivable owed by Duke Power had been assigned to Rawleigh-Moses prior to the receivership and in law was a protected assignment.

The setoff was allowed by the court below on the ground that the assignment of the Duke Power account to Rawleigh-Moses was not binding on Duke Power for the reason that written notice of the assignment had not been given it before the receivership. The exception taken by Rawleigh-Moses to this ruling brings into focus the provisions of our Assignment of Accounts Receivable Act, Chapter 196, Session Laws of 1945, now codified as G.S. 44-77 through 44-85.

It is noted that this Act prescribes two methods of protecting an assignment of accounts receivable: (1) by the registration of a notice of assignment in the public registry of the county of residence of the assignor, G.S. 44-78; or (2) by "the giving of written notice to the debtor that the account has been assigned to the named assignee," G.S. 44-80 (1), (c). We are concerned here only with the second method. Rawleigh-Moses insists that written notice of the assignment was duly given to Duke Power in compliance with the statute. As to this, the controlling facts agreed, or found without objection by the court below, are these:

Mill Power Supply Company, hereinafter referred to as Mill Power, is a wholly owned subsidiary of Duke Power and serves as its purchasing agent. The disputed account is based on a shipment of merchandise made by Battery King and delivered at Duke Power's bus garage in Greensboro on order of Mill Power. The purchase order from Mill Power, dated 2 January, 1953, submitted to Battery King, contained the following instructions on the face thereof:

> "Ship to:  Charge to:
> Duke Power Company , Duke Power Co.
> E. Mkt. St. Whse. Charlotte, N. C.
> Greensboro, N. C.

> "This order is subject to the terms and conditions printed
> on the back hereof."

On the back of the order is the following:

> "This order is subject to the following terms and conditions
> and by accepting the order, or any part thereof, the seller
> agrees to and accepts said terms and conditions."

Among the conditions printed on the back of the order were the following:

> "1. If seller refuses to accept this order exactly as written, he
> will return it at once with explanation.
>
> .    .    .    .    .    .    .

"4. Seller will deliver no invoices to purchaser's employees.

.          .          .          .          .          .          .

"17. Purchaser may at any time insist upon strict compliance with these terms and conditions notwithstanding any previous custom, practice or course of dealing to the contrary."

Copy numbered two of the invoice was delivered with the merchandise to one Z. V. Green, storekeeper at the bus garage and an employee of Duke Power, who signed his name on the copy of the invoice after the words "Rec'd by." The invoice is dated 12 January, 1953, and indicates a sale of merchandise in the amount of $227.56 made by Battery King to Mill Power Supply Co., Charlotte, N. C., for delivery to Duke Power in Greensboro. The following was stamped on copy numbered two of the invoice:

"N O T I C E

"THIS ACCOUNT is assigned to and is owned by
RAWLEIGH, MOSES & CO. INC., FACTORS
. Box 1188     High Point, N. C.

"Payment other than to said Factors does not constitute payment. Notify Factors if merchandise not received in 5 days after receipt of invoice."

Copies numbered one and two of the invoice were received by Mill Power on 26 January, 1953. Battery King was placed in receivership 28 January, 1953. The original invoice, numbered one, received by Duke Power in Charlotte contained no stamped notice of assignment as shown on copy numbered two or any reference to any assignment of the account. No evidence was presented that the copy numbered two ever was received by Duke Power.

The court below further found that all shipments to Duke Power from Battery King were on orders from Mill Power for Duke Power and that prior to receivership all assigned accounts on orders from Mill Power were paid direct by Duke Power, without objection of any nature, to Rawleigh-Moses.

Setoff operates by way of payment where there are reciprocal demands. It may be invoked only where there is mutuality of parties and of demands. *In re Bank,* 205 N.C. 333, 171 S.E. 436; *Dameron v. Carpenter,* 190 N.C. 595, 130 S.E. 328; 47 Am. Jur., Setoff and Counterclaim, Sec. 48; 80 C.J.S., Set-Off and Counterclaim, Sec. 48 (2).

Duke Power in order to show the mutuality requisite to the right of setoff relies upon the fact that Mill Power is its wholly owned subsidiary,

but seeks to escape the burden of being charged with the written notice to Mill Power showing assignment of the account. The position is untenable. If Duke Power and Mill Power are to be treated as a single entity for the purpose of showing mutuality of parties and obligations as a basis for setoff, logic and simple justice require that the single-entity concept also be applied in resolving the question of notice. As to this, the crucial finding below is that invoice numbered two on which the notice of assignment was stamped was "received by Mill Supply Company on 26 January, 1953, and so stamped." This notice received two days before receivership by the wholly owned subsidiary of Duke Power must be treated as notice to the latter within the meaning of G.S. 44-80 (1), (c). This defeats the setoff claim.

In this view of the case the terms and conditions of the purchase order are not pertinent to decision, and we treat as moot the question whether the notice to Z. V. Green on 12 January, 1953, at the bus garage was notice to Duke Power.

2. *The Shipment of Goods Rejected by Burlington Mills.*—Shortly prior to the receivership, Battery King delivered to Burlington Mills fourteen batteries, and the account receivable in the amount of $388.00 representing the delivery was assigned to Rawleigh-Moses, who immediately made payment to Battery King for the account. Upon delivery of the batteries to Burlington Mills, together with two copies of the invoice, one of which was stamped with notice of assignment of the account receivable, the receiving clerk for Burlington Mills refused to accept the shipment on the ground that it contained improper batteries. The returned batteries were in the possession of Battery King when the receiver was appointed. Later the identical batteries were sold by the receiver to Burlington Mills for the reduced sum of $364.88.

The foregoing facts bring the claim of Rawleigh-Moses within the provisions of the Returned Goods section of the Assignment of Accounts Receivable Act, G.S. 44-84, under which the receiver was required to hold in trust for Rawleigh-Moses the goods which gave rise to this assigned account receivable. This being so, the purchase money received from the sale of the goods was impressed with a trust in favor of Rawleigh-Moses, and it is so ordered.

As to both claims, the judgment of the court below is
Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.