### In the Matter of ROW STEEL, INC., Debtor.

**ROW STEEL, INC., Debtor in Possession (On behalf of the Debtor in Possession and Walter E. Heller and Company, Southeast, Inc., as their interest may appear), Plaintiff**

v.

**ASPHALT AND SEALERS EQUIPMENT MANUFACTURING; Hugh Clemmons; Dubose Steel, Inc.; Bobby Faircloth d/b/a Faircloth Welding; Glazer Steel Corporation; James Graham Steel Services, Inc.; Donald Harvel; Hi-Flo Manufacturing Co.; Charles Hudson d/b/a Hudson Metal Works; Merritt-Dickerson, Inc.; Coastal Steel and Metals, Inc.; and Tarheel Steel, Inc., Defendants.**

Bankruptcy No. 82–00106–7.
Adv. No. 82–0315–AP.

United States Bankruptcy Court, E.D. North Carolina.

Aug. 24, 1983.

---

James O. Carter, Wilmington, N.C., for debtor Row Steel, Inc.

Warren A. Goldstein, New Orleans, La., for Glazer Steel Corp.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the debtor's Complaint to recover a money judgment against Glazer Steel Corporation, and upon Glazer Steel Corporation's assertion of a right to set off mutual debt. Representing the debtor, Row Steel, Inc., is Mr. James O. Carter, Attorney at Law, Wilmington, North Carolina, and representing Glazer Steel Corporation is Mr. Warren A. Goldstein, Attorney at Law, New Orleans, Louisiana.

The Court makes the following findings of fact:

1. On October 20, 1981, Row Steel, Inc., (Row), debtor, became indebted to Glazer Steel Corporation (Glazer) in the amount of Three Thousand Twelve and 58/100 Dollars ($3,012.58) for purchases made by Row from Glazer on open account in the ordinary course of business.

2. On October 20, 1981, Glazer was not indebted to Row in any amount.

3. On January 1, 1982, Glazer became indebted to Row in the amount of Three Thousand One Hundred Twenty-Nine and 88/100 Dollars ($3,129.88) for purchases made in the ordinary course of business by Glazer from Row. At the time these purchases were made, Glazer was unaware of the insolvency of Row.

4. Row filed a Chapter 11 bankruptcy petition on January 20, 1982.

5. Row is presently indebted to Glazer in the amount of Three Thousand Twelve and 58/100 Dollars ($3,012.58), and Glazer is indebted to Row in the amount of Three Thousand One Hundred Twenty-Nine and 88/100 Dollars ($3,129.88).

## ISSUE

The issue before the Court is whether Glazer is entitled to set off its debt to Row against Row's debt to Glazer, thereby reducing Glazer's claim against the bankruptcy estate.

## CONSIDERATION OF ISSUE

The set-off rights of mutual creditors were developed under state law. The right to set-off is generally recognized where there are reciprocal demands and mutuality of parties. *In re Battery King Manufacturing Company, Inc.,* 240 N.C. 586, 83 S.E.2d 490 (1954).

The Bankruptcy Code has placed certain restrictions upon a creditor's right to set off mutual debt against a bankruptcy debtor. The set-off statute, 11 U.S.C. § 553, provides as follows:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt

owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor, against the debtor that arose before the commencement of the case, except to the extent that

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;

(2) such claim was transferred, by an entity other than the debtor, to such creditor

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) in this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

None of the § 553(a) exceptions is applicable in the present case. Glazer's claim has not been disallowed, the claim was not transferred to Glazer by an entity other than Row, the debtor, and there is no evidence that Glazer's debt to Row was incurred for the purpose of obtaining a right of set-off.

Section 553(b) applies to set-offs that occur before the bankruptcy petition is filed. If a creditor asserts its right to set-off after the petition is filed, § 553(b) is inapplicable. *In re Springfield Casket Co., Inc.,* 21 B.R. 223, 9 B.C.D. 473 (Bkrtcy.S.D.Ohio 1982); 4 COLLIER ON BANKRUPTCY ¶ 553.15[2] at 553–62 (15th ed. 1983); 2 NORTON BANKRUPTCY LAW & PRACTICE § 33.-03 at 33–6 (1981). The post-petition set-off will not be disturbed by the § 553(b) improvement in position test; however, such a set-off can be accomplished only with the Court's permission, due to the automatic stay of 11 U.S.C. § 362(a)(7).

In the present case, where § 553 does not apply, the right of set-off is discretionary and must be exercised in accordance with principles of equity. *Allbrand Appliance & Television Co., Inc. v. Merdav Trucking Company. (In re Allbrand Appliance & Trucking Co., Inc.),* 16 B.R. 10, 14 (Bkrtcy.S. D.N.Y.1980). The Bankruptcy Code has recognized the possible inequity in requiring a creditor to file its claim in full against the estate and hope for a dividend, while at the same time requiring the creditor to pay its debt to the estate in full. The Code deals with the problem by permitting set-offs, but providing certain qualifications to prevent abuse. 4 COLLIER at 553–10. Safeguards against pre-petition abuse are found in § 553 of the Code. The automatic stay of § 362(a)(7) provides the Court the opportunity to evaluate a post-petition set-off before the creditor can proceed.

The legislative history indicates that the primary function of the automatic stay against set-off is to permit rehabilitation of Chapter 11 debtors. Post-petition set-off is not likely to have a significant effect upon

the liquidating debtor. Of major concern to Congress was the situation where a bank seeks set-off against the Chapter 11 debtor's account, thereby depriving the debtor of funds necessary to an effective reorganization. H.R.Rep. No. 595, 95th Cong., 1st Sess. 183 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. On the other hand, if the right to set-off will not substantially interfere with the debtor's reorganization effort and has been obtained in good faith, equitable considerations favor lifting the automatic stay to allow set-off.

Once a creditor, such as Glazer in the present case, has requested lifting of the stay and established the mutuality of debt necessary for set-off, it becomes the bankruptcy debtor's burden to show that cause to lift the stay and allow set-off does not exist. 11 U.S.C. § 362(g)(2). Absent such showing, the stay may be lifted.

### CONCLUSIONS OF FACT AND LAW

The Court concludes that the exceptions contained in 11 U.S.C. § 553(a) are inapplicable to deny Glazer its set-off rights against Row.

■ Glazer seeks a post-petition exercise of set-off. The Court concludes that 11 U.S.C. § 553(b) is not applicable to a post-petition set-off, and further concludes that 11 U.S.C. § 553(b) is not applicable to Glazer's set-off rights against Row.

■ Glazer is currently indebted to Row in the amount of Three Thousand One Hundred Twenty-Nine and 88/100 Dollars ($3,129.88) and Row is currently indebted to Glazer in the amount of Three Thousand Twelve and 58/100 Dollars ($3,012.58). Both debts were incurred before the petition was filed. There has been no showing to the Court that cause to allow the exercise of set-off does not exist, nor is it apparent to the Court that exercise of set-off will substantially hinder Row's Chapter 11 reorganization. Equity favors allowance of Glazer's set-off, and the Court concludes that the automatic stay of 11 U.S.C. § 362(a) should be lifted to allow Glazer to offset its debt to Row by the amount of its

claim against Row, and that Row should allow the set-off to occur. Glazer should remain indebted to Row for the balance remaining after set-off.

An Order will be entered accordingly.