In re BASS MECHANICAL CONTRAC-
TORS, INC., Debtor.

HECKATHORN CONSTRUCTION COMPANY, INC., York–Shipley, a Division of Donlee Technologies, Inc., Tyson Foods, Inc., and Tyson Food Employee Pension Trust, Plaintiffs,

v.

BASS MECHANICAL CONTRACTORS, INC., and Jill Jacoway, Trustee, Defendants.

Haskell JOHNSON, Howard Baird & Courtney C. Crouch, Trustees (or their Successors) of Tyson's Food Employee Pension Trust; and Tyson Foods, Inc., Plaintiffs,

v.

BASS MECHANICAL CONTRACTORS, INC. and Jill Jacoway, Trustee, Defendants.

YORK–SHIPLEY, A DIVISION OF DONLEE TECHNOLOGIES, INC., Plaintiff,

v.

BASS MECHANICAL CONTRACTORS, INC., Defendant.

Bankruptcy Nos. FA 87–73F, CMS 87–735, CMS 87–736 and CMS 87–979.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

May 23, 1988.

See also 84 B.R. 1009.

Jill R. Jacoway, Fayetteville, Ark., trustee.

Stephen E. Adams, Fayetteville, Ark., for Heckathorn Const. Co.

Larry J. Thompson, Springdale, Ark., for First Nat. Bank of Springdale.

Steve Crane, North Little Rock, Ark., for York–Shipley, a div. of Donlee Technologies.

Charles Stuttle, Fayetteville, Ark., for Tyson Foods, Inc. and Tyson Food Employee Pension Trust.

Kit Williams, Fayetteville, Ark., for Boss Mechanical Contractors, Inc.

Marshall Dale Evans, Marcia M. Brinton, Fayetteville, Ark., for Jill R. Jacoway.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is the Motion to Amend Order filed by Heckathorn Construction Co., Inc. (Heckathorn) in the above contested matters. Heckathorn has asked the Court to amend its Order entered March 30, 1988. On March 30, 1988, this Court ordered, *inter alia,* that First National Bank of Springdale (First National) did not waive and is entitled to exercise its right of setoff in the proceeds of the bank account of the debtor, Bass Mechanical Contractors, Inc. (Bass Mechanical), under 11 U.S.C. § 553.

In its motion, Heckathorn argues that the amount First National is entitled to setoff should be limited to $749.65 by Heckathorn's calculations, pursuant to 11 U.S.C. § 553(b). First National has responded that § 553(b) is inapplicable because § 553(b) applies only to pre-petition setoffs and First National did not setoff any funds pre-petition, and in fact, has not setoff any funds post-petition.[1]

Section 553(a) of the Bankruptcy Code provides that except for the limitations of 11 U.S.C. §§ 362 and 363, the Bankruptcy Code "does not affect any right of a creditor to off-set a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ... against a claim of such creditor against the debtor that arose before the commencement of the case" except in certain circumstances which are not at issue here. 11 U.S.C. § 553(a). A creditor's right of setoff is further preserved by 11 U.S.C. § 506(a) which allows a claim to be secured up to the amount subject to setoff.

Some limitations to a creditor's right of setoff are also established in the Bankruptcy Code. Section 553(b) limits the amount which a creditor may setoff pre-petition. Section 553(b) specifically provides:

(b)(1) Except with respect to a setoff of a kind described in § 362(b)(6), 362(b)(7), 365(h)(2), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the

---

1. First National also has asserted that Heckathorn's Motion to Amend Order should be dismissed on the grounds that it was untimely filed. Heckathorn's response was that the motion has been timely filed. Bankruptcy Rule 9023, which adopts Federal Rule of Civil Procedure 59, requires a motion seeking to amend a judgment or order to be filed within ten days after entry of the judgment or order. The order in this case was entered on March 30, 1988. Heckathorn's motion to amend order was filed on April 11, 1988. The tenth day after entry of judgment fell on April 9, 1988, with the first business day thereafter on April 11, 1988. Therefore, pursuant to Bankruptcy Rule 9023, the motion was timely filed.

petition, then the trustee may recover from such creditor the amount so off-set to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

11 U.S.C. § 553(b). Therefore, under § 553(b), a pre-petition setoff made during the 90 day period before filing which improves a creditor's position may be recovered by the trustee to the extent of the improvement, commonly called the "improvement in position" test.

In the present case, First National did not setoff any amounts pre-petition. However, Heckathorn claims that First National's right of setoff, even after the bankruptcy filing should be limited by the improvement in position test of § 553(b). Despite Heckathorn's arguments to the contrary, § 553(b) does not apply to post-petition setoffs but only pre-petition setoffs. Section 553(b) and the improvement in position test only apply to setoffs that occur prior to the filing of the bankruptcy petition. If a creditor asserts a right of setoff after the petition is filed, § 553(b) is inapplicable. *In re Delta Energy Resources, Inc.,* 67 B.R. 8, 11 (Bankr.W.D.La.1986); *In re Row Steel, Inc.,* 33 B.R. 20, 22 (Bankr.E.D.N.C.1983); *In re Compton Corp.,* 22 B.R. 276, 278 (Bankr.N.D.Tex.1982); *In re Springfield Casket Co., Inc.,* 21 B.R. 223, 227 (Bankr.S.D.Ohio 1982).

According to the legislative history of the Bankruptcy Code, the purpose of limiting a bank's pre-petition rights of setoff is to discourage banks from taking precipitous action before a debtor's filing and to encourage business workouts. H.R.Rep. No. 595, 95th Cong., 1st Sess. 185, 186 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 1978, p. 5787, 6145–47. As stated in *Collier on Bankruptcy:*

> The bank does not loose substantial rights by delaying exercising its rights until after the commencement of the case.... The bank may gain by delaying setoff until after bankruptcy because it may ultimately recover a greater portion of its claim than it would otherwise ... because the improvement in position restrictions of § 553(b) will not apply.

4 *Collier on Bankruptcy* Para. 553.15[2], at 553–60 to 553–61 (15th ed. 1986).

Heckathorn has brought to the Court's attention a ruling which appears to suggest that a creditor's right to setoff funds post-petition could be subject to the limitations of § 553(b) and the improvement in position test. In *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030 (5th Cir.1987), the Fifth Circuit Court of Appeals, in a preference action, determined that a debt owed by Braniff Airways, Inc. (Braniff), the debtor, to Exxon Co., U.S.A. (Exxon), a creditor, and a claim of Exxon against Braniff were mutual, pre-petition debts which could be setoff, reversing a district court's determination that the debts were not mutual and setoff was not proper. 814 F.2d at 1032–38. The Fifth Circuit then determined that Exxon's debt was secured by virtue of its right of setoff. *Id.* at 1038–40.

The Fifth Circuit also analyzed an argument made by Braniff that setoff should not be allowed to the extent that Exxon would have improved its position in violation of § 553(b)(1).[2] The court of appeals

---

**2.** The court of appeals noted that the application of § 553(b) is strictly mathematical and involves a test of whether the insufficiency on the date of setoff is less than the insufficiency 90 days before the date of filing. If so, the difference would be recoverable by the trustee. *See In re Assiante,* 28 B.R. 903, 905 (Bankr.D.R.I.

1983). The calculations to determine any difference in the insufficiency are as follows:

(1) Ascertain any amount by which the claim of the creditor exceeded the debt owing to the debtor on the date of the setoff.

(2) Ascertain the same figure for the date 90 days prior to the filing of the petition or for the first date during the 90–day period when

was unconcerned that no actual setoff had taken place pre-petition by Exxon. The Court of Appeals stated in a footnote:

> The fact that a setoff never actually took place does not affect the analysis. The issue is whether Exxon hypothetically had the *right* to a setoff, and because of this right it was secured and therefore the payment received from Braniff was not a voidable preference.

814 F.2d at 1040 n. 11 (emphasis original). The Fifth Circuit distinguished the case from previous cases which had ruled that § 553(b) was inapplicable because the setoff occurred post-petition, not pre-petition, and cited *In re Delta Energy Resources, Inc.*, 67 B.R. 8, 11 (Bankr.W.D.La.1986) and *In re Compton Corp.*, 22 B.R. 276, 277–78 (Bankr.N.D.Tex.1982). The court of appeals noted *Compton* had provided procedural safeguards which were not present in the *Braniff* case. The Fifth Circuit found that in *Compton* the Court had retained control of the setoff issue because the *Compton* action involved a motion for relief from the automatic stay in order to exercise setoff post-petition rather than the issue of setoff being raised to show secured status in a preference action. The court of appeals stated that the *Compton* court could have considered the improvement in position test as part of its analysis of the setoff issues. The Fifth Circuit then remanded the case for determination of whether Exxon had improved its position under § 553(b) in light of its right to setoff the pre-petition claim against the pre-petition debt. 814 F.2d at 1041.

Contrary to the holding in *Braniff*, in this case, this Court finds that § 553(a) recognizes a pre-petition right of setoff, whether exercised or unexercised pre-petition, subject to the limitations of the automatic stay. Section 553(b) applies only to a creditor who actually exercises a right of setoff within the 90 days before the peti-

tion is filed. In such a case, the creditor's pre-petition setoff is subject to potential recovery by the trustee based on the improvement in position test. This interpretation of § 553 is consistent with the legislative history which notes that the purpose of § 553(b) is to prevent preferred treatment to a certain creditor who may setoff debts at the debtor's and other creditors' expense prior to filing. This Court is reluctant to extend § 553(b) to allow an improvement in position test for pre-petition setoff rights exercised post-petition.

Also, certain factors are present in this particular case which make it distinguishable from the *Braniff* case. In *Braniff*, a "hypothetical" right of setoff for calculation of any insufficiencies was determined in order that Exxon's status as a secured or unsecured creditor could be ascertained. The "hypothetical" date of setoff in *Braniff* could have been determined with more accuracy than in this case since *Braniff* involved a preferential contract payment, not deposits in a bank account. This Court could only speculate such a date for purposes of determining a difference in insufficiencies, if any.

The *"Compton* safeguards" which the court of appeals found were not present in the *Braniff* case are present in this situation. *Braniff* involved a preference action, not a request for court approval to setoff funds. In this case, First National asked the Court to allow it to setoff funds held in the account as part of the trustee action to distribute funds and the contested matters which were filed. This subjected First National to the Court's review and control of the setoff issue and allowed this Court to determine whether setoff was proper and whether the § 553(b) improvement in position test should be applied.

In this case, this Court previously determined that First National had a right to

the amount of the claim of the creditor exceeded the debt owing to the debtor.
(3) The trustee is entitled to recover any amount by which the figure in (2) exceeds that in (1).
*Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1040 (5th Cir.1987). *See also In re Fox*, 62 B.R. 432, 434 (Bankr.D.R.I.1986). The

Court also determined that in applying the improvement in position test, the insufficiency actually would be zero but there was "no indication in the bankruptcy code that such an anomalous result should be permitted," and declined to adopt such a position. 814 F.2d at 1040 n. 12.

setoff the funds in Bass Mechanical's account as a result of the pre-petition claims of Bass Mechanical and First National. First National did not exercise any setoff rights pre-petition and has yet to exercise any setoffs. Post-petition, First National may exercise its right to setoff without being subject to the improvement in position test under 11 U.S.C. § 553(b). Therefore, no limitations or calculations are required to determine First National's entitlement to setoff. This Court's original Order in the case should stand. Heckathorn's Motion to Amend Order will be denied.