**In re ENERGY COOPERATIVE, INC., Debtor.**

**ENERGY COOPERATIVE, INC., Plaintiff,**

v.

**KOCH REFINING COMPANY, Defendant.**

**Bankruptcy No. 81 B 5811.
No. 85 C 3579.
Adv. No. 83 A 1467.**

United States District Court,
N.D. Illinois, E.D.

May 11, 1989.

since it was either secured or setoff pursuant to Section 553(a) of the Bankruptcy Code.

Koch Refining asserts that the ordinary course of business exception of § 547(c)(2) prohibits recovery by the Trustee. One of the elements of this exception is that the transfer must take place within 45 days of when the debt was "incurred." Koch Refining asserts that all transfers from ECI were made within the requisite 45 days. Koch Refining utilizes February 12, 1981 as the date the debt was incurred. On February 12, ECI recorded a book transfer receipt of 2,100,000 gallons of No. 2 fuel oil from Koch Refining under contract 607. This book transfer receipt by ECI on February 12, 1981 under contract 607 came from an equal and offsetting transfer under contract 750. ECI rejects this 45–day rule analysis.

ECI asserts that the debt was not "incurred" on February 12, 1981 as Koch Refining alleges. Rather, ECI claims the debt was incurred when the actual physical product was transferred between January 1 and January 8, 1981. Under this analysis, each of the March 16, 19 and 24 transfers would have occurred more than 45 days from the date the obligation was incurred and would therefore be recoverable by the Trustee as preferential transfers. Also, ECI claims that the one transfer Koch Refining admits took place outside the ordinary course of business exception is not subject to Section 553 setoff rights.

Glen H. Kanwit, Paul K. Vickrey, Mary Kay McCalla, Hopkins & Sutter, Marc O. Beem, Judith S. Wolicki, Miller, Shakman, Nathan & Hamilton, Chicago, Ill., for trustee/plaintiff.

Michael R. Hassan, Gary D. McGuane, Lord, Bissell & Brook, Chicago, Ill., for Koch Refining.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on defendant's motion for summary judgment. For the following reasons, defendant's motion is granted.

### FACTS

Plaintiff, Energy Cooperative, Inc. ("ECI") through its Trustee in bankruptcy ("Trustee") seeks to recover, pursuant to 11 U.S.C. § 547, alleged preferential transfers ECI made to Koch Refining Company, Inc. ("Koch Refining") during the ninety days preceding ECI's filing in bankruptcy on May 15, 1981. Koch Refining seeks summary judgment, asserting two affirmative defenses.

ECI and Koch Refining were parties to three exchange agreements, Contracts 606, 750 and 607. The Trustee does not contest that transfers under Contracts 606 and 750 were made within 45 days of when the obligation was incurred, and are, therefore, not recoverable by the Trustee.

Contract 607, the only contract subject to the present dispute, was entered into by Koch Refining and ECI in January, 1981. Koch Refining alleges that on February 12, 1981, it delivered product to ECI resulting in ECI incurring a debt in the amount of 2,100,000 gallons of product. Reciprocally, on March 16, 19 and 24, 1981, ECI transferred a total of 1,720,026 gallons of product, reducing ECI's debt to 379,974 gallons of product. The transfer of the remaining 379,974 gallons on April 14, 1981, Koch Refining alleges, was not a preference

### DISCUSSION

#### A.

To the extent that the law regarding motions for summary judgment and Section 547 of the bankruptcy code is applicable to this ruling, the court incorporates by reference its memorandum opinion in *Energy Cooperative, Inc. v. U.S.A. Rookwood,* issued on February 22, 1989. 97 BR 388.

■ ECI asserts that consistent with the holding in *Barash v. Public Finance Corp.,* ECI became legally bound to pay Koch Refining when it received product from Koch Refining on January 1 through

January 8, 1981, and not when the book transfers were recorded on February 12, 1981. 658 F.2d 504 (7th Cir.1981). In *Barash,* the Seventh Circuit was asked to determine when a debt was incurred for purposes of 547(c)(2) analysis. The court concluded that "... the debt is incurred whenever the debtor obtains a property interest in the consideration exchanged giving rise to the debt." 658 F.2d at 509. Other courts have relied on this holding to conclude that the date of invoice is not the date a debt is incurred, but rather the debt arises when the physical product actually transfers. See *In re Demetralis,* 57 B.R. 278, 284 (Bankr.N.D.Ill.1986).

ECI appears to equate the date of the book transfer with the date of invoice in a physical product transfer. See *In re Demetralis,* 57 B.R. 278. However, the court finds that the more appropriate analogous date between the date of book transfer and a date comprising a physical transfer is the day the product was actually transferred, and not the invoice date. Therefore, this court agrees with the authorities cited by ECI rejecting the invoice date as the appropriate date to use for Section 547 analysis but also finds this precedent unenlightening to the present dispute.

This conclusion is consistent with the affidavits of both Nelson and Johnson, who verify that the book transfers were treated by both ECI and Koch Refining as if it were a physical transfer of product. The book transfer process was merely a more convenient and efficient method of effectuating a transfer. Therefore, as in *Rookwood,* the court finds that the date upon which the debt was incurred for 2,100,000 gallons of product under Contract 607 was February 12, 1981, and accordingly, all transfers by ECI to Koch Refining except, the April 14, 1981 transfer of 379,974 gallons of product, were made within 45 days of when ECI incurred the debt.

### B.

Koch Refining argues that the April 14, 1981 transfer is not a preference under Contract 607 because if ECI had not delivered the product, Koch Refining could have setoff that amount against a debt owed ECI on exchange 750 at that time. ECI raises several arguments to suggest that Koch Refining could not have setoff ECI's debt on April 14, 1981 if ECI had not made the transfer. These arguments will be addressed seriatim.

■ First, Section 502(d) of the bankruptcy code does not apply in light of the court's ruling already discussed. The April 14, 1981 transfer was not a voidable preference, and therefore Section 502(d) does not prevent assertion of a setoff.

■ Second, ECI argues that Koch Refining cannot offset to the extent it acquired third-party claims. Section 553(a)(2) states in pertinent part that:

(a) ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ... except to the extent that—

(2) such claim was transferred, by an entity other than the debtor, to such creditor

(b)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent.

Under 553(c), insolvency is presumed during the 90 days immediately preceding the filing of the petition.

ECI alleges that during the 90–day period, various entities transferred their claims against ECI totalling $3,728,478 to Koch Refining. Trustee's Rule 12(m) Statement, ¶ 8. The court is without evidence that establishes this as true. Without evidence to contradict the appearance that Koch Refining and the other entities were involved in normal, contemporaneous exchanges during the 90–day period, Section 553(a)(2) will not bar Koch Refining's setoff claim.

Third, ECI argues that the application of Section 553(a)(3)(C) calls for a subjective inquiry as to whether Koch Refining's debt to ECI was incurred "for the purpose of obtaining the right of setoff against the debtor," and that the sheer nature of exchange agreements mandates a finding that Koch Refining's debt to ECI was in-

curred for the purpose of setoff. The court disagrees.

■ ECI has the burden of proving that Koch Refining obtained a claim against ECI for the purpose of obtaining a setoff under Section 553(a). *Record Club of America v. United Artists Records*, 80 B.R. 271 (S.D.N.Y.,1987). The focus of this section is to prevent deliberate manipulation by the creditor during the 90–day period. See *In re Allbrand Appliance & Television Co.*, 16 B.R. 10, 14 (S.D.N.Y.,1980) citing *Bankruptcy Law Manual*, ¶ 5.10(1), 1986. Therefore, ECI must rely on more than the general nature of exchange agreements. There must be facts to show an intent to manipulate the balance in order to create an issue of fact. Section 553(a)(3)(C) does not bar Koch Refining's setoff claim.

■ Finally, ECI argues that Koch Refining will have improved its position if it is allowed to exercise its claimed right to setoff and that this improvement of position is barred by Section 553(b). Koch Refining asserts that because Section 553(b) applies only to setoffs which are or would have been exercised pre-petition, and that Koch Refining did not in fact improve its position, Section 553(b) does not apply. Since the court agrees that Section 553(b) does not apply to pre-petition setoff rights exercised at a later time, it need not address the mathematical analysis for determining "insufficiency." See *Bass Mechanical Contractors, Inc.*, 88 B.R. 201, 204 (Bankr.W.D.Ark.1988); Weintrab, *Bankruptcy Law Manual*, ¶ 5.10[3], 1986.

## CONCLUSION

For the reasons stated above, Koch Refining Company, Inc. is entitled to summary judgment as a matter of law based on two affirmative defenses, Section 547(c)(2) and the right of setoff. Accordingly, Koch Refining's motion for summary judgment is granted.

It is so ordered.