In re AQUASPORT, INC., Debtor.

Jeanette E. TAVORMINA,
Trustee, Plaintiff,

v.

ITT COMMERCIAL FINANCE CORP. a
Nevada corporation, Defendant.

Bankruptcy No. 88–02184–BKC–SMW.
Adv. No. 90–0168–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

June 22, 1990.

Arthur S. Weitzner, Weitzner & Co., P.A., Miami, Fla., for trustee.

Charles Tatelbaum, Kass, Hodges & Massari, Tampa, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court for trial on the complaint of the Chapter 7 trustee, and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments and memorandum of counsel, makes the following findings of fact and conclusions of law.

The complaint consists of an objection to claim, joined with a counterclaim for affirmative relief. Due to the fact that the trustee seeks affirmative relief, an adversary proceeding has been filed pursuant to Bankruptcy Rule 3007. The Court has jurisdiction over this matter as a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B), (C), (E).

The debtor, AQUASPORT, INC., (hereinafter Debtor) commenced voluntary proceedings under Chapter 7 on June 6, 1988. The trustee was thereafter appointed and is duly qualified and acting to date. The Debtor had been engaged in business as a manufacturer of recreational boats. The defendant, ITT COMMERCIAL FINANCE CORP., (hereinafter Claimant) is a finance company who, pursuant to an agreement with the Debtor was rendering "floor plan" financing to various dealers. These dealers sold the boats to the general public. Under the agreement, upon the Debtor's sale and delivery of boats to the dealers, and in exchange for delivery of documents and title to the Claimant, the Claimant paid the purchase price to the Debtor plus any applicable finance charges.

The Claimant timely filed a proof of claim in this estate. Said proof of claim was substantially unliquidated, contingent in nature and resulted from potential claims against the Debtor for boats sold earlier than March 6, 1988, a period of 90 days prior to the commencement of the Chapter 7 proceeding. However, the Claimant's proof of claim failed to disclose the existence of any available setoffs to this indebtedness and, specifically stated that none existed. This proof of claim has not been amended. Furthermore, in its answer to the adversary complaint, the Claimant does not allude to any available setoffs against the trustee's potential recovery. At the time of trial and in its first trial memorandum, the Claimant suggested for the first time the availability of a setoff.

The facts that would give rise to the trustee's requests for affirmative relief and this potential setoff are as follows: In late April and early May, 1988, pursuant to the financing agreement with the Claimant, the Debtor sold a total of thirteen (13) boats to three (3) separate dealers. The amount that the Claimant would normally have paid the Debtor for these boats is the sum of $84,018.90. This sum was apparently due the Debtor as of May 1, 1988. However, the Claimant did not pay any portion of this fund to the Debtor and withheld these funds as a security for its contingent claims.

At the time of trial, the parties stipulated and submitted sufficient evidence to support estimation of the Claimant's claim in the amount of $102,871.66. The remaining issue for determination is what portion of the unpaid proceeds from the sale of the boats aforementioned can be setoff against this claim.

The Court concludes that no portion of the $84,018.90 is available for setoff against the Defendant's estimated claim. The trustee is lawfully entitled to recover this amount from the Claimant together with lawful interest from May 1, 1988, to date. The Court has reached this conclusion because allowance of the setoff would be procedurally and substantively improper under the facts and circumstances of this case.

This Court has previously held that the filing of a proof of claim without asserting the existence of property avail-

able for setoff constitutes a waiver of the right to setoff. See, *In re Butler*, 61 B.R. 790, 791 (Bankr.S.D.Fla.1986) (citing *Collier on Bankruptcy* § 553.07, n. 1 (15th Ed.1985); *In re Northeastern International Airways, Inc.*, 99 B.R. 487, 489 (Bankr.S.D.Fla.1989). In addition, the Claimant's failure to raise the issue of setoff in its answer to the counter-claim also results in waiver. As a general rule, the issue of setoff is a compulsory claim which must be timely raised by proper pleading. See, *Chapes, Ltd., v. Anderson (In re Scaife)*, 825 F.2d 357, 362 (11th Cir.1987) (setoff is a compulsory counter-claim which must be properly raised and litigated); *see also, Durham v. SMI Industries Corp.*, 882 F.2d 881, 883 (4th Cir.1989) (setoff is an affirmative defense which must be pled and proven by the party asserting it).

Furthermore, the fund in question would not be available for setoff because contingent and unmatured claims cannot be used as a setoff under Florida law. See, 40 FLA.JR.2d, *Pleadings*, § 102 (1982 & 1989 Supp.) (citing 20 AM.JUR.2d, *Counter-claim, Recoupment & Setoff*, Section 57). Section 553 does not expand non-bankruptcy rights, it merely preserves any right of setoff accorded by state law. *United States on behalf of I.R.S. v. Norton*, 717 F.2d 767, 772 (3d Cir.1983); *Durham*, 882 F.2d at 883. The burden of proof rests squarely upon the party who is asserting an entitlement to setoff. *Pester Refining Co. v. Mapco Gas Products, Inc., (Matter of Pester Refining Co.)*, 845 F.2d 1476, 1486 (8th Cir.1988). In this case, the Claimant has not satisfied this burden.

It is also important to note that allowance of the setoff in this case would result in an improvement of position for the Claimant. It is undisputed that the Claimant's proof of claim was the result of transactions that occurred earlier than 90 days prior to bankruptcy. As such, the deficiency that arises from the estimation of the contingent claim is one that arose as a result of the antecedent debt incurred outside this 90 day period. Since the right to setoff was acquired within the 90 day period prior to bankruptcy, permitting the setoff would result in an improvement of position prohibited by 11 U.S.C. § 553(b).

Although the Claimant contends that the actual setoff may not have occurred prior to bankruptcy, the Court finds that this contention is without merit. The Claimant has always been in possession of this fund and has introduced no evidence that it was maintained in a separate contingency fund. In fact, the Claimant once maintained a contingency fund which had been abandoned. This would further explain the failure of the Claimant to allude to the fund in its proof of claim.

Moreover, retention of a debtor's funds by a creditor provides sufficient evidence of an intent to setoff. *United States on behalf of I.R.S. v. Norton*, 717 F.2d 767, 772 (3d Cir.1983) [citing *Pittsburgh National Bank v. United States*, 657 F.2d 36 (3d Cir.1981)]. In the case at hand, there is no question that a setoff occurred within the 90 day period preceding the filing of the Debtor's bankruptcy petition. The Claimant became indebted to the Debtor 42–48 days prior to the Debtor's commencement of bankruptcy proceedings. However, the Claimant retained the entire $84,018.90 despite its contractual duty to pay the Debtor this amount *within seven (7) days* of the transactions.

Finally, the question of whether the setoff occurred post-petition or pre-petition appears to be irrelevant under the circumstances of this case. According to established precedent, this Court can weigh the improvement of position test even in a post-petition setoff situation, and appears bound to do so where no relief from the automatic stay has been requested by the creditor. See, *Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1040 n. 13 (5th Cir.1987). The Claimant's contrary authorities, *Heckathorn Construction Company, Inc. v. Bass Mechanical Contractors, Inc., (In re Bass Mechanical Contractors, Inc.)*, 88 B.R. 201 (Bankr.W.D.Ark.1988) and *Energy Cooperative, Inc. v. Koch Refining Company (In re Energy Cooperative, Inc.)*, 100 B.R. 992 (D.C.N.D. Ill.1989), are specifically rejected as inconsistent and factually distinguishable from

the *Braniff* case, and more influential precedent suggested by the Fifth Circuit.

In accordance with the foregoing findings and conclusions of law, the Court will grant relief to the parties as follows:

The Court will render judgment in favor of the Chapter 7 trustee and against the Claimant for the sum of $84,018.90 plus interest from May 1, 1988, through June 15, 1990. Pursuant to FLA.STAT. § 687.01 interest is calculated at the rate of 12% per annum in the amount of $21,405.50. In addition, the Claimant will be allowed an unsecured claim in the amount of $102,871.66. The trustee shall recover its cost.

### FINAL JUDGMENT

In accordance with the Findings and Conclusions of even date, it is:

### ORDERED AND ADJUDGED

1. That the Plaintiff shall recover from the Defendant the sum of $84,018.90 plus interest in the amount of $21,405.50 for a total of $105,424.40.

2. That the Defendant is allowed an unsecured claim in the amount of $102,871.66.

3. That the Plaintiff shall recover its costs.

DONE AND ORDERED.