**In re CHESTNUT COMPANY, INC., Debtor.**

**Bankruptcy No. 84–00275.**

United States Bankruptcy Court, D. South Carolina.

April 27, 1984.

---

George G. Reaves, Florence, S.C., for debtor.

Lawrence W. Johnson, Jr., Columbia, S.C., for creditor (C & S Bank).

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the court on the motion of Citizens and Southern National Bank of South Carolina (C & S) seeking relief from the automatic stay pursuant to 11 U.S.C.[1] § 362 in order that the bank may exercise its right to setoff under §§ 506 and 553. The debtor argues that because the bank is not entitled to setoff for the reason that mutuality of obligation

---

**1.** Further references to sections of the 1978 Bankruptcy Code will omit the identically numbered sections of Title 11, United States Code.

as required by § 553 is lacking, the bank is unsecured and not entitled to relief from the automatic stay. The court disagrees.

## FACTS

Chestnut Company, Inc. (the debtor) filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 23, 1984 and continues to operate its heating and air conditioning contracting business as a debtor-in-possession. The debtor is indebted to the bank in the amount of $6,913.08 under the terms of a note dated October 17, 1983. The note was executed by the debtor through its principals and is unconditionally guaranteed, jointly and severally, by its principals in their individual capacities. The debtor has a demand deposit account with the bank with a balance of approximately $7,834.13. The bank seeks relief from the automatic stay so that it may setoff the amount due to it on the note executed by the debtor against the bank's obligation to pay on demand funds from the debtor's checking account.

## ISSUES

The issues are: (1) whether the debt owed to the bank by the debtor on the note and the bank's obligation to pay on demand sums from the debtor's checking account are mutual obligations subject to setoff under § 553 when the debt owed to the bank is a joint and several obligation of the debtor *and* its principals who signed as guarantors while the debt due and owing by the bank to the debtor is owed to the debtor alone; and (2) whether the bank is entitled to relief from the stay.

## DISCUSSION AND CONCLUSION

### I

▉ The right of setoff does not depend upon local or state law, but upon the terms of § 553 of the Bankruptcy Code. *See, McCollum v. Hamilton National*

*Bank of Chattanooga,* 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938); *In re William P. Copping Sheet Plate and Iron Works, Inc.,* 13 F.2d 895 (E.D.La.1926). However, the nature, existence, and enforceability of claims sought to be set off are to be determined by applying the law of the state where the operative facts occurred. *See, Porreca v. Freeman (In re Oscar Nebel Co., Inc.,* 117 F.2d 326 (3d Cir.1941)). Here they occurred in South Carolina.

Section 553 provides for the setoff of "mutual" debts only.[2] For mutuality to exist, the general rule is that:

> Each party must own his own right severally, with the right to collect it in his own name against the debtor in his own right severally. A joint debt cannot be set off against a separate debt, or conversely, a separate debt against a joint debt.

4 *Collier on Bankruptcy,* ¶ 553.04[4] at p. 553-30 (15th ed. 1984). Whether the respective debts of the bank and the debtor are enforceable severally is determined by South Carolina law. The several right of the debtor to collect amounts which it has in its demand account from the bank, in its own right severally, is not in dispute. The debtor questions whether the bank has the right under South Carolina law to collect the amount due on the note from the debtor alone in its own right severally.

▉ The right of a creditor to pursue the primary obligor and/or the guarantor of a note depends upon the terms of the guaranty agreement. *See, Tri-South Mortgage Investors v. Fontain,* 221 S.E.2d 861, 266 S.C. 141 (1976). Under the terms of the guaranty agreement before this court, the debtor's principals unconditionally guaranteed, jointly and severally, the note upon which the debtor is the principal obligor. The guaranty of payment is a separate contract between the principals of the corporation, as individuals, and the

---

**2.** Section 553(a) provides in pertinent part that: ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, ....

bank. The bank has its choice of collecting from the debtor as the principal obligor, from any one of the guarantors—or any combination thereof. *See, Georgian Company v. Britton, et al.,* 139 S.E. 217, 141 S.C. 136 (1927).

 Under S.C.Code §§ 15–5–30 and 15–5–200 (1976) a court has discretion to compel the joinder of "necessary and proper" parties only. To require the bank to join the guarantors with the debtor in the collection efforts would thwart the bank's right to collect from the primary obligor alone and would be an abuse of discretion. *See, Tri-South Mortgage Investors v. Fontain, supra; Doctor v. Lee, Inc.,* 55 S.E.2d 68, 215 S.C. 332 (1949). Because the bank has the right to collect the amount due on the note from the debtor alone, the debts involved are mutual, as contemplated by § 553(a) of the Bankruptcy Code, and the bank is entitled to setoff.

## II

■ Section 506(a) of the Bankruptcy Code provides that when a creditor has an allowed claim subject to setoff under § 553, that claim is secured to the extent of the amount subject to setoff. Citizens and Southern Bank is, therefore, a secured creditor to the extent that its claim on the note is subject to setoff against the debtor's demand account.

■ The debtor has failed to meet its burden of proving that the secured claim of C & S is adequately protected. § 362(g)(2); *Standard Federal Savings and Loan v. Chatman (In re Chatman),* 23 B.R. 176 (Bkrtcy.N.D.Ill.1982). Thus, C & S is entitled to relief from the automatic stay so that it may exercise its right of setoff pursuant to § 553(a). § 362(d)(1).

### ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. The debt owed to Citizens and Southern National Bank by the debtor and the debtor's demand account in the bank are mutual obligations subject to setoff under § 553; and

2. Citizens and Southern National Bank's motion for relief from the automatic stay pursuant to § 362(d)(1) is granted to allow the bank to enforce its right to setoff under § 553.