**In re Jean Louise BUTLER, Debtor.**

**Bankruptcy No. 85–01788–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

May 28, 1986.

Michael A. Frank, Frank Strelkow & Gay, North Bay Village, Fla., for debtor.

Robert L. Roth, trustee.

Irving M. Wolff, Holland & Knight, Miami, Fla., for movant/farmers.

## ORDER GRANTING STAY RELIEF

THOMAS C. BRITTON, Chief Judge.

■ An Indiana trust company seeks stay relief under 11 U.S.C. § 362(d) in order to set off against future distributions payable to this chapter 7 debtor the advances made by the trustee to the debtor from the corpus of the trust, which total $32,970. The trust has already been determined to be a valid and enforceable spendthrift trust, and, therefore, it is not property of this bankruptcy estate. § 541(c)(2). The bankruptcy trustee claims no interest in the future distributions from the trust. The debtor opposes the motion on three grounds.

■ The debtor argues first that movant's claim for the $32,970 advanced from the corpus of the trust is a debt which has been discharged in bankruptcy. I disagree. The movant's right to set off its pre-petition claim against this debtor against any claim which this debtor may have against movant is preserved by § 553 and remains unaffected by the bankruptcy discharge.

■ The debtor argues next that the future distributions from the trust to which the debtor is entitled are not "a mutual debt owing by such creditor to the debtor". Again, I disagree. The advances made by movant to the debtor from the corpus of the trust were made in accordance with the trust instrument, which is the same predicate for the future distributions payable to the debtor.

■ The debtor argues, finally, that the right to claim a setoff has been waived or abandoned by movant through its failure to state its demand when it filed its claim in this court. Although a creditor will generally be deemed to have waived his right of setoff if he files a proof of claim in bankruptcy without asserting the right, *Collier on Bankruptcy* ¶ 553.07 n. 1 (15th Ed. 1985), this argument is not available here.

There is no record that movant has ever filed a claim in this case, either before or since the case was converted from chapter 13 to chapter 7. There has been, therefore, no waiver of the right to setoff.

■ Although the claims' bar date in this case, April 6, 1986, has passed, this merely precludes movant from asserting any claims against this bankruptcy estate. It does not bar movant's right to set off its claim against its future obligation to the debtor.

Of course, any future recovery effected by movant will inure to the benefit of the trust corpus, not to the individual benefit of the movant/trustee. It is conceivable that the entire corpus will eventually be distributed to this debtor, but it is also conceivable that it will become distributable to contingent beneficiaries. The movant/trustee is entitled to and has a duty to recover the advances to protect the interest of the contingent beneficiaries.

■ The motion is granted. The stay is lifted to permit movant without further leave of this court to assert and exercise its claimed right of setoff. If, however, the debtor disputes either the amount or the timing of any attempted setoff, that dispute may be presented by the debtor in an appropriate forum (presumably in Indiana) and this court expressly abstains from such litigation, which would involve solely issues of State law.