**In re NORTHEASTERN INTERNATIONAL AIRWAYS, INC., Debtor.**

**Bankruptcy No. 85–00017–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

May 15, 1989.

See also, D.C., 56 B.R. 247.

Mary M. Aubry, Miami, Fla., Joseph Lesser, New York City, for creditor.

Jeffrey B. Lathe, West Palm Beach, Fla., for trustee.

## MEMORANDUM ORDER GRANTING CREDITOR'S MOTION TO AMEND JUDGMENT AND AMEND PROOF OF CLAIM

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on March 29, 1989 upon The Port Authority of New York and New Jersey's (the "creditor") Motion To Alter or Amend Judgment and Motion To Amend Proof of Claim filed March 25, 1985. The Court on February 16, 1989 signed an order allowing the creditor's claim as a general unsecured claim for $268,458.79 based on the trustee's representation that a written security agreement signed by the debtor was needed in order for the creditor to claim $215,000.00 as secured. On rehearing the creditor has challenged the trustee's argument that a written security agreement is necessary in order for the creditor to have a right of setoff and allow a portion of the claim declared secured. The Court having revisited the issues presented, considered arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

In January, 1984, the debtor requested permission to conduct flight operations at John F. Kennedy International Airport ("JFK"). In order to obtain permission the creditor required the debtor to post a $200,-

000.00 security deposit to cover anticipated airport user fees. The security deposit was placed in a separate bank account at Citibank, New York, New York, titled "Port Auth s/a Northeastern Airways." Between February and December 1984 the debtor incurred a debt for $267,253.91 from flight operations at JFK. In January, 1985, the debtor filed a chapter 11 petition. Consequently, on March 4, 1985, the creditor filed a proof of claim asserting a pre-petition claim for unpaid airport usage fees in the amount of $268,458.79. The creditor's proof of claim indicated that $215,000.00 of the claim was secured based on the creditor's possession of a security deposit and $53,458.79 as unsecured. The proof of claim was silent as to the creditor's setoff right.

First, the creditor argues that it is a secured creditor under 11 U.S.C. § 506 to the extent of the security deposit it holds as collateral for airport fees owed to the debtor. Under 11 U.S.C. § 506 a claim is secured to the extent that the claim is subject to a right of setoff under 11 U.S.C. § 553. Accordingly, under 11 U.S.C. § 553, the filing of a bankruptcy case does not affect any right of a creditor to offset a mutual debt owing to the debtor which arose prior to the commencement of the bankruptcy case. The right to setoff is within the discretion of the court, however, it is generally favored and will not be set aside unless there is an abuse of discretion. *Melamed v. Lake County National Bank*, 727 F.2d 1399, 1404 (6th Cir.1984). *See also In the Matter of Bohack Corporation*, 599 F.2d 1160 (2nd Cir.1979); *In re R.C.I. Enterprises, Inc.*, 22 B.R. 549, 551 (Bankr.S.D.Fla.1982).

In order for the right of setoff to exists there has to be mutual debts. *See In re Utica Floor Maintenance Inc.*, 41 B.R. 941 (Dist.N.D.N.Y.1984); *In the Matter of Springfield Casket Co. Inc.*, 21 B.R. 223 (Bankr.S.D.Ohio 1982); *In re Chestnut Co.*, 39 B.R. 519, 521 (Bankr.D.S.C.1984). The criteria of "mutuality" requires mutual debts owed by the creditor to the debtor and by the debtor to the creditor, which arose before the commencement of the case, and none of the statutory exceptions to setoff apply. *In re Utica Floor Maintenance Inc.*, 41 B.R. at 944. Also, a right of setoff exist when a creditor possesses a security deposit as collateral to insure future payment. *See, e.g., Brooks Shoe Manufacturing Company v. United Telephone Co.*, 39 B.R. 980 (Dist.E.D.Pa.1984); *In the Matter of Lackow Brothers, Inc.*, 22 B.R. 1022 (Bankr.S.D.Fla.1982); *In re Inslaw, Inc.*, 81 B.R. 169, 170 (Bankr.D.D.C. 1987).

■ The facts show that the debtor failed to pay its airport fees between February and December 1984 thereby creating a debt owed by the debtor to the creditor in the amount of $267,253.91. Assuming that this debt had not been incurred the creditor would owe the debtor the entire amount of the security deposit. However, the debtor's failure in paying its airport fees created mutual debts owed by the debtor to the creditor (unpaid airport fees) and by the creditor to the debtor (the security deposit) which arose before commencement of the case. Accordingly, the Court finds mutual debts existed between the parties prior to the commencement of the case which entitles the creditor to a right of setoff under 11 U.S.C. § 553.

The trustee argues that the creditor is not entitled to a secured status under 11 U.S.C. § 506 or setoff under § 553 because the parties did not execute a written security agreement or perfect its interest. However, the Court finds that the right of setoff does not depend on the existence of a written security agreement or the parties having contractually agreed to the right. *See In re McLean Industries, Inc.*, 90 B.R. 614, 618 (Bankr.S.D.N.Y.1988). Instead a right of setoff exist under 11 U.S.C. § 553 if the parties owe each other mutual debts. *See In re Utica Floor Maintenance Inc.*, 41 B.R. 941 (Dist.N.D.N.Y.1984); *In re Chestnut*, 39 B.R. 519, 521 (Bankr.D.S.C. 1984); *In the Matter of Springfield Casket Co. Inc.*, 21 B.R. 223 (Bankr.S.D.Ohio 1982). Furthermore, under New York U.C.C. § 9–203(1)(a) and Fla.Stat. § 679.203(1)(a), a written security agreement is not necessary in order to create an enforceable security interest if the collat-

eral is in the possession of the secured party. *See In the Matter of O.P.M. Leasing Services, Inc.,* 46 B.R. 661, 670 (Bankr. S.D.N.Y.1985). Moreover, under New York U.C.C. § 9–304(1) and Fla.Stat. § 679.304(1) a security interest in money can be perfected by the secured party taking possession. *Id.* at 670. Therefore, the Court finds that the creditor's possession of the security deposit perfects the security interest and entitles the creditor to a right of setoff under 11 U.S.C. § 553. Accordingly, a claim subject to setoff under § 553 is a secured claim under § 506.

The trustee further argues that the creditor has lost its right to claim a secured status or setoff because it failed to act before or during the pendency of the bankruptcy case. The Court finds that the creditor's right to setoff is not lost by its failure to act pre-petition. Instead, a right to setoff post-petition merely requires that the creditor obtain permission of the court. *In re Crabtree,* 76 B.R. 208, 210 (Bankr.M. D.Fla.1987). The mere passage of time, without more, will not waive a creditor's right to setoff. *In re Handy,* 41 B.R. 172, 175 (Bankr.E.D.Va.1984). Neither the Code or the Rules of Bankruptcy Procedure specify a timetable by which setoff must be accomplished. *Id.* at 174.

■ Secondly, the creditor seeks to amend its proof of claim in order to correct a computational error, reflect additional accrued interest on the security deposit, describe the claim with more particularity, and to specifically assert the right of setoff. The trustee objects to the amendment of the proof of claim alleging that a right of setoff is waived if not asserted in the proof of claim. The trustee relies on the case of *In re Butler,* 61 B.R. 790, 791 (Bankr.S.D.Fla.1986) which states that a creditor will be deemed to have waived his right of setoff if he files a proof of claim without asserting the right. *Id.* at 791, *citing, Collier on Bankruptcy,* 553.07 n. 1 (15th ed. 1985). Additionally, the trustee argues that to allow amendment of the proof of claim will result in prejudice to the estate and invite further litigation.

After reviewing the original proof of claim the Court finds that it contained sufficient information to advise the trustee and interested parties of the creditor's secured status with respect to the $215,-000.00 deposit. The Court further finds that creditor is entitled to amend its proof of claim to plead a right of setoff as no prejudice will result from the proposed amendment. A proof of claim may be freely amended where the purpose of the amendment is to cure a defect in the original claim, to describe the claim with greater particularity, or to plead a new theory of recovery upon facts set forth in the original claim. *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985); *See also In re South Atlantic Financial Corp.,* 767 F.2d 814, 819 (11th Cir.1985). Although, this Court agrees with the general rule cited in *In re Butler,* 61 B.R. at 791, there are exceptions to this rule which allow amending proof of claims where there is no detrimental reliance by a party in interest. *See In re Diplomat Electric, Inc.,* 499 F.2d 342, 347 (5th Cir.1974); *In re Sound Emporium, Inc.,* 48 B.R. 1 (Bankr. W.D.Tex.1984), *aff'd,* 70 B.R. 22 (W.D.Tex. 1987); *In re Denby Stores, Inc.,* 86 B.R. 768, 777 (Bankr.S.D.N.Y.1988). Furthermore, the possibility of further proceedings resulting from an amendment of a claim does not constitute the kind of prejudice warranting denial of the right to amend. *In re Commonwealth Corp.,* 617 F.2d 415, 423 (5th Cir.1980). Moreover, motions for leave to amend are liberally permitted because bankruptcy court is a court of equity. *Id.* at 419–421.

The trustee has not presented any evidence to show that there has been detrimental reliance by an interested party or that prejudice will result to any creditor by the proposed amendment. The proposed amendment only seeks to adjust the total claim amount to $267,253.91 in order to correct a computational error and reflect accrued interest of $36,448.65. In addition, the proposed amendment will specify with greater particularity the circumstances under which the obligation arose, while containing the same basic factual allegations as the original claim and specifically plead

a setoff right. Therefore, the Court finds that the creditor is entitled to amend its proof of claim in order to adjust the total claim amount and assert a setoff right.

Based upon the foregoing, it is hereby:

ORDERED AND ADJUDGED that the Motion To Alter or Amend Judgment and Motion To Amend The Port Authority's Proof of Claim are granted. The Order entered February 24, 1989 is amended to reflect the Court's finding that a portion of the creditor's claim, in the amount of $236,-448.65, shall be allowed as secured under 11 U.S.C. § 506 which is that portion of the creditor's claim subject to setoff under 11 U.S.C. § 553 and $30,805.26 shall be allowed as unsecured. Furthermore, the Proof of Claim filed by the creditor on March 25, 1985 for $268,458.79 shall be amended to adjust the total claim amount and plead a setoff right.

DONE AND ORDERED.