**In re Donald J. JOHNSON, Debtor.**

**Bankruptcy No. 97 B 24243.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 16, 1997.

Dennis M. Sbertoli, LaGrange Park, IL, for Movant or Plaintiff.

Andrew M. Carter, Law Office of Andrew M. Carter, Wheaton, IL, for Respondent or Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion for turnover order pursuant to 11 U.S.C. §§ 522 and 542(a) filed by Donald J. Johnson (the "Debtor") seeking recovery of a tenant security deposit he paid pre-petition to his former landlord, Infinity Management, Inc. ("the Landlord"). The Landlord opposes the relief sought and contends it properly setoff the security deposit pre-petition in satisfaction of a judgment entered in its favor. For the following reasons, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E) and (O).

## II. FACTS AND BACKGROUND

The Debtor rented an apartment from the Landlord and paid a $1,300.00 security deposit. As a result of the Debtor's inability to pay rent, the Landlord initiated eviction proceedings against the Debtor in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois. The state court action resulted in an agreed order entered on August 6, 1997 (the "Agreed Order") wherein the Landlord recovered not only possession of the apartment from the Debtor, which was stayed for one week, but also a judgment for unpaid rent in the amount of $1,135.53, plus reasonable attorney's fees of $150.00 and $146.00 in costs. The Agreed Order provided that immediate execution could issue thereon.

On August 8, 1997, the Debtor filed a Chapter 7 bankruptcy petition. Shortly thereafter, he filed the instant motion. The Debtor listed the security deposit among his assets and claimed it exempt. The Debtor requested refund of the security deposit from the Landlord. The Landlord allegedly advised the Debtor that the security deposit had been applied against the unpaid rent, despite acknowledgment that the apartment itself had not been damaged by the Debtor. Although the Landlord denies admitting the premises were undamaged, it asserts that the security deposit was in the amount of $769.00 and was applied toward partial payment of the judgment prior to the filing of the Debtor's bankruptcy petition. The Landlord opposes the relief requested by the Debtor and contends that there was no remaining security deposit at the time of the petition for the Debtor to claim exempt, and that $662.53 remained due under the Agreed Order after the partial payment and application of the security deposit.

Because the matter involved the issue of the Landlord's claimed setoff rights under Illinois law, the Court ordered the parties to brief the point. Notwithstanding the Debtor's failure to file his brief by November 28, 1997, and the resultant lack of a brief from the Landlord, the Court will discuss the point because it touches upon a somewhat novel issue of first impression involving the interplay of debtors' lien avoidance and turnover powers in aid of exemptions claimed under 11 U.S.C. §§ 522 and 542(a), and a creditor landlord's setoff rights against a tenant security deposit under 11 U.S.C. § 553(a) and Illinois law. Although the Court could simply rule against the Debtor for failure to support his position within the time allotted for briefing, *see generally LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 921–22 (7th Cir.1997); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990), a fuller discussion and analysis of this issue of first impression is preferable.

## III. DISCUSSION

### A. 11 U.S.C. § 522(f)

By invoking 11 U.S.C. § 522 the Debtor obviously intends to utilize the avoidance powers of § 522(f). Section 522(f)(1)(B) is only applicable to avoid non-possessory, non-purchase money security interests in various categories of personal property which do not include cash tenant security deposits. Hence, this section is patently inapplicable. If the Debtor can succeed to avoid the Landlord's claim to the deposit, he must fit within the requirements of § 522(f)(1)(A). Section 522(f)(1)(A) allows for the avoidance of a judicial lien and provides in part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien. . . .

11 U.S.C. § 522(f)(1)(A).

■ Thus, this section permits a debtor to avoid a lien if four requirements are met: (1)

the lien that the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. *See Johnson v. Ford Motor Credit Co. (In re Johnson)*, 53 B.R. 919, 922 (Bankr.N.D.Ill. 1985). Section 101(36) provides that " 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A garnishment lien is a "judicial lien." *In re Weatherspoon*, 101 B.R. 533, 535–36 (Bankr.N.D.Ill.1989); *Johnson*, 53 B.R. at 922. The Court will discuss each requirement in turn.

■ Although the Landlord reduced its claim against the Debtor to a pre-petition judgment, there is no evidence that it took any further steps to enforce that judgment by recording a memorandum thereof with the DuPage County Recorder of Deeds to create a judgment lien against any real estate interests the Debtor had under 735 ILCS 5/12–101; or served a certified copy of the Agreed Order as prescribed by 735 ILCS 5/12–111 and 5/12–112 to create an execution lien or the Debtor's other property; or instituted non-wage garnishment proceedings pursuant to 735 ILCS 5/12–701 *et seq.;* or began wage deduction proceedings under 735 ILCS 5/12–801 *et seq.;* or started supplementary proceedings creating a citation lien (commonly referred to as "citation to discover assets") by 735 ILCS 5/2–1402 and Illinois Supreme Court Rule 277; or undertook other varieties of post-judgment collection efforts by which other judicial liens can be created, which would have satisfied the first requirement of § 522(f)(1)(A). Rather, the Landlord only setoff the security deposit it already held in partial satisfaction of the Agreed Order. No judicial lien was created by that action. Thus, the first requirement of § 522(f)(1)(A) is not met.

■ The Landlord's interest in the security deposit (whatever the correct amount) was in the nature of a secured claim which, at all relevant times, was in the Landlord's control and at least its constructive possession until it setoff. It was more akin to a

pledge and hence a "lien" for purposes of § 101(37), and not a "judicial lien" as defined in § 101(36). Generally under Illinois law, in the absence of a statute providing otherwise, the provisions of a lease or separate agreement may require the lessee to give security or deposit money or property as security for the payment of the rent or the performance of the other covenants of the lease. *See generally* 24 Illinois Law and Practice, *Landlord and Tenant* § 414 (1980 and 1997 Supp.) (collecting cases). Ordinarily, the title to money deposited with the landlord as security remains in the tenant, subject to the terms and conditions of the lease. *Id.* In the absence of a statute providing otherwise, the landlord is entitled to retain a deposit made by the tenant as security until complete payment or discharge of the obligations which the deposit was intended to secure. *See generally* 24 Illinois Law and Practice, *Landlord and Tenant* § 415 (1980 and 1997 Supp.) (collecting cases).

Upon the filing of a bankruptcy petition for relief, an estate is created. 11 U.S.C. §§ 301 and 541. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also In re Kazi*, 985 F.2d 318, 320 (7th Cir.1993). Once the property becomes part of the bankruptcy estate, the debtor is allowed to claim as exempt certain property interests. *See* 11 U.S.C. § 522(1); Fed.R.Bankr.P. 4003(a). In this matter the Debtor has claimed the security deposit exempt so that the second requirement of § 522(f)(1)(A) is met. However, the Landlord filed his response in opposition to the matter at bar within 30 days after the Debtor claimed the security deposit exempt. Thus, the Landlord's objection thereto was timely under Fed.R.Bankr.P. 4003(b). As a result, the Debtor cannot win by default under the last sentence of § 522(*l*). It is undisputed that the third element of § 522(f)(1)(A) is met because the Landlord's claim to the security deposit impairs the Debtor's claim of exemption thereto.

■ Finally, based on the record it seems clear that at least until August 6, 1997, the Debtor had an interest in the security deposit, which would have satisfied the fourth ele-

ment under § 522(f)(1)(A), had the bankruptcy petition been filed before the Landlord setoff. Because it was conceded at oral argument that setoff occurred pre-petition, there was nothing left of the deposit by the time the petition was filed on August 8, 1997 to which the exemption claim could attach. This is so whether the actual amount was either $769.00 as asserted by the Landlord or $1,300.00 as alleged by the Debtor. Under either version, the amount of the Agreed Order totaled the sum of $1,581.53 for the unpaid rent, attorney's fees and costs, leaving no excess on hand to be refunded to the Debtor. Consequently, not all elements under § 522(f)(1)(A) have been shown. As a result, the requested relief under § 522 is denied.

## B. *11 U.S.C. § 553*

Section 553(a) of the Bankruptcy Code governs the exercise of setoffs between debtors and creditors and provides in relevant part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a).

In general, the right of setoff allows parties who owe mutual debts to each other to assert the amounts owed on these debts, subtract one from the other, and then pay only the balance. *Mottaz v. St. Louis Post–Dispatch Pulitzer Publ'g Co. (In re Murphy),* 203 B.R. 972, 975 (Bankr.S.D.Ill. 1997) (citation omitted). The right of setoff is within the discretion of the Court, exercised under the principles of equity. *United States v. Maxwell (In re Pyramid Indus., Inc.),* 210 B.R. 445, 449 (N.D.Ill.1997). The Seventh Circuit, in speaking to § 553, opined that "the only sense we can make of the rule is that it recognizes that the creditor who owes his debtor money is like a secured creditor; indeed, the mutual debts, to the extent equal, secure each party against the

other's default." *In re Elcona Homes Corp.,* 863 F.2d 483, 485 (7th Cir.1988). As the Supreme Court recently observed, setoff avoids the "absurdity of making A pay B when B owes A." *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995) (citation omitted).

Section 553(a) recognizes and preserves rights of setoff where four conditions exist: (1) the creditor holds a "claim" against the debtor that arose before the commencement of the case; (2) the creditor owes a "debt" to the debtor that also arose before the commencement of the case; (3) the claim and debt are "mutual"; and (4) the claim and debt are each valid and enforceable. *See St. Francis Physician Network, Inc. v. Rush Prudential HMO, Inc. (In re St. Francis Physician Network, Inc.),* 213 B.R. 710, 715 (Bankr.N.D.Ill.1997) (citation omitted). In general, a creditor holding a debtor's security deposit as collateral to insure future payment is entitled to setoff, and thus is a secured creditor to the extent of the security deposit. *In re Northeastern Intern. Airways, Inc.,* 99 B.R. 487, 488–89 (Bankr. S.D.Fla.1989); *see also F.E. Schwartz v. C.M.C., Inc. (In re Communicall Cent., Inc.),* 106 B.R. 540, 545 (Bankr.N.D.Ill.1989).

In the mater at bar, the Landlord has met the requirements of § 553 to assert its setoff right. The Debtor owed the Landlord unpaid rent and allowed attorney's fees and costs. The Landlord owed the Debtor the refund of the security deposit. These debts between the parties arose pre-petition and were related to the same lease. The debts were mutual and the parties stand in the same capacity. Each party had a valid claim arising from the debt owed the other party. Thus, the Landlord has exercised a valid setoff right. As a result, it is clear that the Landlord was a secured creditor due to its right to setoff against the security deposit it held. *See* 11 U.S.C. § 506(a); *Northeastern,* 99 B.R. at 489.

## C. *11 U.S.C. § 542*

The Bankruptcy Code statutory provision for turnover contained in 11 U.S.C.

§ 542(a) deals with property of the estate to be turned over, usually to the case trustee. Turnover is not intended as a remedy to determine disputed rights of parties to property. Rather, it is intended as the remedy to obtain what is acknowledged to be property of the bankruptcy estate. *Marlow v. Oakland Gin Co., Inc. (In re Julien Co.),* 128 B.R. 987, 993 (Bankr.W.D.Tenn.1991). Relief under § 542(a) is most frequently afforded to case trustees or debtors against creditors who are in actual or constructive possession of the subject collateral at the time the bankruptcy petition is filed and who do not voluntarily surrender it. *See Pileckas v. Marcucio,* 156 B.R. 721 (N.D.N.Y. 1993). Thus, the burden is usually on the trustee or debtor seeking turnover, *Groupe v. Hill (In re Hill),* 156 B.R. 998, 1006 (Bankr.N.D.Ill.1993), and the evidence must show that the asset in question is part of the bankruptcy estate. *Mather v. Tailored Fabrics, Inc. (In re Himes),* 179 B.R. 279, 282 (Bankr.E.D.Okla.1995). Only property in which the debtor has an interest becomes part of the bankruptcy estate and can be made the subject of an order for turnover under § 542(a). *Cates–Harman v. Stage (In re Stage),* 85 B.R. 880, 881 (Bankr.M.D.Fla. 1988). It follows that if the debtor does not have the right to possess or use property at the commencement of a case, a turnover action cannot be a tool to acquire such rights. *Creative Data Forms, Inc. v. Pennsylvania Minority Bus. Dev. Auth. (In re Creative Data Forms, Inc.),* 41 B.R. 334, 336 (Bankr.E.D.Pa.1984), *aff'd,* 72 B.R. 619 (E.D.Pa.1985), *aff'd,* 800 F.2d 1132 (3d Cir. 1986).

■ The Court cannot appropriately afford the Debtor the requested relief under § 542(a) without evidence that the Landlord lacked authority under either the terms of the lease (which has not been furnished to the Court) or the relevant provisions of the applicable Illinois statutes (765 ILCS 710/1; 765 ILCS 715 *et seq.;* and 765 ILCS 745/18) to effectuate the setoff that occurred prepetition. Certainly, the Agreed Order liquidated the Landlord's claim against the Debtor and awarded it a judgment for unpaid rent, reasonable attorney's fees, and costs. The Agreed Order afforded the Landlord the requisite green light to go ahead and apply the security deposit against the amounts therein. Consequently, there was nothing left of the security deposit to properly claim exempt and thereby preserve for the Debtor when he filed his bankruptcy petition two days later. Hence, the Debtor's motion for turnover is denied.

## IV. *CONCLUSION*

For the foregoing reasons the Debtor's motion is denied and the Landlord's objections thereto are sustained.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.