In re David MAGNESS, Jr.
and Selena Magness.

The Peoples Bank and Trust
Company, Plaintiff,

v.

David Magness, Jr., Barbara Magness,
David Magness, Sr., and Stephen P.
Livingston, Sr., Defendants.

Bankruptcy No. 01–10678.
Adversary No. 01–1051.

United States Bankruptcy Court,
N.D. Mississippi.

March 15, 2002.

Stephen M. Corban, Tupelo, MS, for
plaintiff.

Ottis B. Crocker, Jr., Bruce, MS, Terry T. James, Calhoun City, MS, Stephen P. Livingston, New Albany, MS, for defendants.

Robin R. De Leo, Mandeville, LA, for creditor.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the Peoples Bank and Trust Company ("Peoples Bank"); response thereto having been filed by David Magness, Jr., ("debtor"); a separate response having been jointly filed by the debtor's parents, Barbara Magness and David Magness, Sr.; and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(G) and (O).

### II.

Between November 7, 1997, and January, 31, 2000, the debtor entered into three separate secured loan transactions with Peoples Bank. The promissory notes were dated November 7, 1997, January 31, 2000, and August 1, 2000, and were in the face amounts of $27,824.36, $22,284.76, and $31,793.58, respectively. Prior to filing his Chapter 7 bankruptcy case on February 9, 2001, the debtor defaulted on all three notes, and Peoples Bank repossessed and sold the collateral which had been pledged as security. However, a deficiency balance remained in the amount of $38,330.87.

In its complaint, Peoples Bank seeks a judgment declaring that it has the right to set-off a certificate of deposit in its possession against the remaining deficiency balance owed by the debtor. The certificate of deposit was issued in the names of "Barbara Magness or David Magness or David Magness, Jr.," and has a balance, as of February 20, 2001, of approximately $23,802.47. The defendants filed timely answers generally denying that Peoples Bank was entitled to relief. Peoples Bank subsequently filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. The debtor and his parents responded to the motion. The remaining defendant, Stephen P. Livingston, Sr., the Chapter 7 trustee, did not respond.

### III.

Attached to Peoples Bank's motion is an affidavit of Herbert Westbrook, Vice President of Peoples Bank. Rule 12(c), Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b), Federal Rules of Bankruptcy Procedure, provides that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

### IV.

Peoples Bank asserts that it has the right to set-off the certificate of deposit against the debt owed by David Magness, Jr. The designated owners of the certificate assert that Peoples Bank is not entitled to set-off because the funds represented by the certificate belong exclusively to Barbara Magness and David Magness, Sr., not to the debtor. They allege that the certificate was purchased by Barbara Magness and David Magness, Sr., primari-

ly as funds for their retirement and support, and that their son was included as a co-owner merely for convenience so that he might have access to the funds to provide for the said care and maintenance of his parents. The defendants contend that the interest of David Magness, Jr., arises solely as a result of a fiduciary capacity, and that a constructive or resulting trust was effectively created for the benefit of Barbara Magness and David Magness, Sr.

## V.

Because of the admissions in the pleadings, coupled with the uncontradicted affidavit of Herbert Westbrook, the court finds that the following facts are material and undisputed for the purpose of deciding this motion for summary judgment:

(1) As of the Petition Date, Peoples Bank held three (3) separate promissory notes (the "Subject Notes") executed by defendant, David Magness, Jr., which are attached to the complaint and more particularly described as follows: (a) Note No. 13991546–10, dated November 7, 1997, which had a payoff balance of $6,151.05 as of February 20, 2001; (b) Note No. 13000306–5, dated August 1, 2000, which had a payoff balance of $12,413.62 as of February 20, 2001; and (c) Note No. 13000135–4, dated January 31, 2000, which had a payoff balance of $19,766.20 as of February 20, 2000. The terms of the Subject Notes are incorporated by reference and made a part of this Motion (Complaint, Answer of Defendants, and Affidavit of Herbert Westbrook).

(2) As of February 20, 2001, all three of the subject notes were in default, and the collateral securing the notes had been sold, leaving an aggregate deficiency balance of $38,330.87.

(3) Prior to the Petition Date, Peoples Bank issued a Certificate of Deposit in the names of "Barbara Magness or David Magness or David Magness, Jr.", Certificate No. 92508038 (the "Subject CD"). A true and correct photocopy of the Subject CD and Time Deposit Signature Card (the "Account Contract") that was executed by Defendant, Barbara Magness, at the time of issuance of the Subject CD is attached to the affidavit of Herbert Westbrook as Exhibit 1. The terms of the Account Contract are incorporated by reference. (Complaint, Answer of Defendants, and Affidavit of Herbert Westbrook).

In his response, the debtor stated as follows: "Defendant David Magness, Jr., would show and represent unto the court that prior to said petition date the Peoples Bank issued a certificate of deposit number 92508038 in the names of Barbara Magness or David Magness, Sr., or David Magness, Jr."

In their response, Barbara Magness and David Magness, Sr., admit that Peoples Bank issued a certificate of deposit bearing number 92508038 in the names of Barbara Magness or David Magness, Sr. or David Magness, Jr. However, they deny that the photocopy of the certificate, attached to Peoples Bank's motion, is a true and correct copy of the original. Barbara and David Magness, Sr., attached to their response a copy of what they assert is the original certificate of deposit bearing number 92508038. Although the copy, attached to the response, appears to be slightly different than the copy attached to the motion for summary for judgment, this discrepancy has been adequately explained by Peoples Bank in Paragraph 3 of its rebuttal brief, to-wit:

"The Defendants do not dispute the existence of the account contract establishing the certificate of deposit; indeed, the defendants, Barbara and David Magness, Sr., have attached as Exhibit

'A' to their response a photocopy of the certificate of deposit which they have in their possession which sets forth on its reverse side the exact set-off terms upon which the Peoples Bank relies to support its right of set-off or moreover, the remaining contract terms set forth in the body of the certificate of deposit are identical to the terms found in the account contract retained by the Peoples Bank. In fact, the only difference between the certificate of deposit delivered to the depositor and the account contract retained by the Peoples Bank is signature space for the depositor. The account contract has a signature space to memorialize the depositor's agreement on the terms stated in the certificate when the account is opened. The actual certificate of deposit, on the other hand, has only endorsement space for the depositor when a withdrawal is made."

As such, the court finds that the facts set forth in Paragraph (3) herein are genuine and undisputed.

(4) As of February 20, 2001, the subject certificate of deposit had a balance of $23,802.47.

## VI.

Based on the analysis contained in the preceding paragraphs, the court finds that there are no genuine issues as to those facts set forth in the motion for summary judgment. The court must now determine whether Peoples Bank is entitled to a judgment as a matter of law. Quite simply, the defendants assert that the certificate of deposit is the exclusive property of Barbara Magness and David Magness, Sr., and that the Peoples Bank is, therefore, not legally entitled to apply the funds to satisfy a debt owed by their son.

▉ Section 553(a) of the Bankruptcy Code[1] recognizes and preserves the right of set-off where four conditions exist:

(1) The creditor holds a "claim" against the debtor that arose before the commencement of the case;

(2) The creditor owes a "debt" to the debtor that also arose before the commencement of the case;

(3) The claim and debt are "mutual"; and

(4) The claim and debt are each valid and enforceable.

5 *Collier on Bankruptcy,* ¶ 553.01 (15th ed. Revised 1997).

▉ However, § 553(a) does not create a right of set-off. It merely acknowledges a prepetition right which arises through applicable non-bankruptcy law. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995). (*See also, Internal Revenue Service v. Luongo (In re Luongo),* 259 F.3d 323, 327 (5th Cir.2001)). When dealing with set-off rights, established pursuant to state law, the general rule is that "the existence of the right, as well as, the nature and essential validity of the obligations sought to be offset, will be determined in accordance with the law of the place where the operative facts transpired." 5 *Collier on Bankruptcy,* ¶ 553.04 (15th ed. Revised 1997) (*citing, In re Chestnut Co.,* 39 B.R. 519, 521 (Bankr. D.S.C.1984); *Williams v. American Bank of Mid–Cities, N.A. (In re Williams),* 61 B.R. 567–571 (Bankr.N.D.Tex.1986); *Blanton v. Prudential–Bache Sec., Inc. (In re Blanton),* 105 B.R. 321–334 (Bankr. E.D.Va.1989)). Property interests within a bankruptcy case are established by, and must be defined by, state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141–42 (1979).

---

1. All further statutory citations are to the U.S. Bankruptcy Code unless otherwise indicated.

Under Mississippi law, a bank has the right to set-off funds, deposited by a debtor, against any debt owed to the bank by that debtor. In *Moreland v. People's Bank of Waynesboro*, 114 Miss. 203, 74 So. 828 (1917), the Mississippi Supreme Court held as follows:

> It is well settled that the bank itself has a right, if it so desires, to apply whatever amount the maker of the note has on deposit with it to a payment on the note. Or, in other words, the bank itself has the right to set-off the amount it owes the depositor against the amount owed it by the depositor. The relation existing between a bank and a depositor is simply one of debtor and creditor.

114 Miss. at 211–12, 74 So. at 829–30.

█ A bank's right to set-off a depositor's account against a debt owed to the bank by the depositor is not unlimited under Mississippi law. As set forth in *Deposit Guaranty National Bank v. B.N. Simrall & Son, Inc.*, 524 So.2d 295 (Miss. 1987), a bank cannot set-off funds of a depositor against a debt owed to the bank if the bank has knowledge that the funds are held in trust or in some type of fiduciary capacity by the depositor. This case concerns a cause of action filed by B.N. Simrall and Son, Inc., ("Simrall"), a close corporation engaged in cotton farming, against Deposit Guaranty National Bank. Simrall had sold cotton to a cotton buyer which had a bank account at Deposit Guaranty. After Simrall had received a check from the cotton buyer, but before the check could be presented for payment, Deposit Guaranty set-off the funds in the cotton buyer's account against a debt which the cotton buyer owed to the bank. Once Simrall's check was presented, it was not honored and was returned with a notation that the account had insufficient funds. Simrall sued Deposit Guaranty for a wrongful set-off. The Circuit Court of

Yazoo County entered judgment in favor of Simrall.

At the trial court level, Simrall successfully argued that since the funds in the cotton buyer's account at Deposit Guaranty had been wired into the account by a third party, located in Memphis, Tennessee, specifically for payment to Simrall, the money was at all times earmarked for payment to Simrall and was never the property of the bank's depositor, the cotton buyer.

However, on appeal, in examining Simrall's assertions, the Mississippi Supreme Court observed as follows:

> He supports this contention primarily by the cases collected in 8 A.L.R.3d 235, *Bank's Right to Apply Person's Fund, Deposited in Debtor's Name, on Debtor's Obligations.* These cases stand for the proposition that when a bank has knowledge of a trust, special deposit, or some other type of fiduciary relationship between its depositor and a third person, the bank cannot set-off such funds against the individual indebtedness of the depositor of the bank. As these cases indicate, before a third party can claim "ownership" of certain funds, that party must make a showing of the special character of the deposit, whether by trust fund, special deposit or fiduciary relationship. See: *Lumberton State Bank v. Fortenberry,* 222 So.2d 384 (Miss.1969) (trust funds deposited to auctioneer's account); *Armour–Cudahy Packing Co. v. First Nat'l Bank,* 69 Miss. 700, 11 So. 28 (1892), *First Nat'l Bank v. Duncan,* 127 Okl. 226, 260 P. 491 (1927) (funds held by commission merchant for client); *United States Fidelity & Guaranty Co. v. Adoue,* 104 Tex. 379, 137 S.W. 648 (1911) (special designation of deposit). We find no cases in this annotation holding for the

third party when a general deposit is made to a general operating account. Unfortunately for Simrall, the facts of this case failed to make a jury issue on his contention. There was no proof of any kind of special deposit, trust or otherwise.

*Id.* at 299.

Since there was no proof showing any special character of the deposit allegedly earmarked for Simrall, the Supreme Court held that Deposit Guaranty had properly set-off the account and reversed the judgment of the trial court. A petition for rehearing was subsequently denied. However, Justice Dan M. Lee filed a dissent to the denial of the petition for rehearing, suggesting that the knowledge of the bank, concerning the nature of the funds on deposit, should be the determining factor rather than the type or nature of the account into which the funds were deposited.

In a subsequent decision, involving similar facts, the court upheld a judgment of actual and punitive damages against a bank for wrongful set-off. In *Central Bank of Mississippi v. Butler,* 517 So.2d 507 (Miss.1987), Central Mississippi Livestock Exchange ("CMLE") and Wesley Hendry Land and Cattle Company, Inc., maintained bank accounts with Central Bank of Mississippi. CMLE maintained two checking accounts with the bank. One was a "general" account and the other was a "custodial" account. The custodial account was established pursuant to federal law which considered payments for livestock as "trust funds." Butler, and others, sold cattle to CMLE and were issued checks drawn on the CMLE custodial account. Before the checks could be presented, Central Bank of Mississippi set off funds in the custodial account against a debt owed to the bank by Wesley Hendry Land and Cattle Company, Inc. Wesley

Hendry was the president, manager, and primary stockholder of CMLE. Affirming the judgment awarded by the Chancery Court against the bank, Justice Prather, citing *Deposit Guaranty National Bank v. Simrall,* stated that, "[w]hen a bank has knowledge of a trust, special deposit, or other type of fiduciary relationship between its depositor and a person, the bank cannot set-off such funds against the individual indebtedness of the depositor of the bank." *Central Bank of Mississippi v. Butler,* 517 So.2d at 510.

Justice Prather noted that the facts presented in *Simrall* simply failed to establish that the set-off funds were held in trust. However, in the Central Bank of Mississippi case, she noted that there was no dispute that the payments made to Butler and the other livestock sellers were trust funds as provided by federal law. "Unlike the record in *Simrall,* the instant record is replete with proof that [the bank] was aware of the trust nature of the funds." *Id.* at 511. She also noted as follows, "While the bank may exercise discretion in paying or not paying accounts into overdraft, it may not retain trust funds properly belonging to other parties once the trust funds are received." *Id.* Echoing Justice Lee's dissenting comments in *Simrall,* Justice Prather continued, "[I]t is the nature of the funds, not the name of the account, that controls whether the funds may be set-off." *Id.*

Finally, Justice Prather cited a Fifth Circuit Court of Appeals decision which addresses this issue:

The right of the bank exists only where with respect to both debt and deposit the bank and depositor are in debtor-creditor relationship, and there must be mutuality of demands. [citation omitted] The debts must be between the same parties and in the same "right" or capacity, so that, for example, the bank (hav-

ing notice of the character of the deposit) cannot set-off against a depositor's individual debt a deposit made by him in his capacity as a public officer or as an executor or administrator.

*Central Bank of Mississippi v. Butler*, 517 So.2d 507, 511 (Miss.1987) (citing, *Kaufman v. First National Bank of Opp, Alabama*, 493 F.2d 1070 (5th Cir.1974)).

■ Based on the foregoing analysis, the court is not certain whether People's Bank is legally entitled to exercise its right of set-off against the subject certificate of deposit. Pursuant to *Simrall* and *Butler*, a bank cannot set-off funds against the indebtedness owed by a depositor of the bank if the bank has "knowledge of" a trust, special deposit, or other type of fiduciary relationship between the depositor and third parties which pertains to these funds. Barbara Magness and David Magness, Sr., have raised as an affirmative defense, in both their answer and in their response to the motion to summary judgment, that the certificate of deposit is being held in trust or in a fiduciary capacity as a matter of convenience for their benefit. Therefore, although the *Simrall* and *Butler* decisions are somewhat factually distinguishable, before a determination of whether People's Bank has a right of set-off in this case can be made, two factual issues must be addressed:

(1) Was David Magness, Jr., included as an owner of this certificate of deposit solely in a trust or fiduciary capacity? (2) Did the bank have knowledge of this special relationship?

This decision is a "close call." The terms of the three promissory notes signed by the debtor, as well as, the certificate of deposit clearly provide for a right of set-off. But for the "red flags" raised by the *Simrall* and *Butler* decisions, the court would sustain the motion for summary judgment. However, the court notes that

it always has the discretion to deny a motion for summary judgment in order to allow the parties to proceed to trial and more fully develop the record for the trier of fact. *Butler v. CMC Mississippi, Inc.*, 1998 WL 173233 (N.D.Miss.) (citing *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir.1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir.1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989)).

X.

Based on the foregoing, the court concludes that genuine issues of material fact remain in dispute. A determination cannot be made that Peoples Bank and Trust Company is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be denied.

A separate order, consistent with this opinion, shall be entered contemporaneously herewith.