In re ITXS, INC., Debtor.

ITXS, Inc., a Delaware Corporation f/k/a Yumari, Inc., a Delaware Corporation, Plaintiff,

v.

F & S Hayward, LLC, a California Limited Liability Company, Defendant.

Bankruptcy No. 03–28688–MBM.
Adversary No. 03–3082–MBM.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 13, 2004.

Robert O. Lampl, Pittsburgh, PA, for ITXS, Inc.

Mark A. Lindsay, Babst, Calland, Clements & Zomnir, Pittsburgh, PA, for F & S Hayward, LLC.

## MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW**, this **13th day of December, 2004**, upon consideration of (a) the adversary complaint filed by ITXS, Inc., the instant debtor and plaintiff (hereafter "the Debtor"), wherein the Debtor (i) seeks to avoid and recover as preferential two transfers to F & S Hayward, LLC, the instant defendant (hereafter "F & S"), which two transfers were (I) F & S' application of $6,120 of the Debtor's security deposit to F & S' lease damages that were allegedly caused by the Debtor,[1] and (II) a $62,360 draw by F & S on a letter of credit obtained by the Debtor with F & S as the named beneficiary, and (ii) sues F & S for (I) an alleged breach by F & S of a lease agreement between the two parties, as well as (II) wrongful eviction, (b) F & S' motion for partial summary judgment with respect to the preference claims of the Debtor, and (c) the parties' briefs regarding the partial summary judgment motion, as well as the exhibits submitted in support of the parties' respective positions;

and after notice and a hearing on F & S' partial summary judgment motion, which hearing was held on December 8, 2004,

it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a) neither of the transfers sought to be avoided herein by the Debtor constitute avoidable preferences, and

(b) F & S' motion for partial summary judgment is accordingly GRANTED.

The instant decision by the Court is without prejudice to the Debtor's continued pursuit of its causes of action against F & S for an alleged breach of the parties'

---

**1.** F & S asserts that the amount of the security deposit so applied was $14,590.

lease agreement and wrongful eviction. The rationale for the Court's decision is briefly set forth below.

## I.

■ The Court rules, and quite comfortably, that the draw by F & S on a letter of credit issued on behalf of the Debtor (hereafter "the Letter of Credit"), which draw itself indisputably occurred within the 90–day preference period in the instant case, cannot conceivably constitute an avoidable preference under 11 U.S.C. § 547(b). The Court so rules because (a) a transfer is avoidable as preferential under § 547(b) only if such transfer is "of an interest of the debtor in property," 11 U.S.C.A. § 547(b) (West 1993), that is a preference can only arise if what has been transferred is the debtor's property, (b) "[a] letter of credit and the proceeds derived therefrom [ (i.e., a draw on such letter of credit) ] are *not* property of a debtor's estate for purposes of § 541 and 547(b)," *In re Metro Communications, Inc.,* 115 B.R. 849, 854 (Bankr.W.D.Pa. 1990) (emphasis theirs) (noting that a letter of credit issuer pays from its own funds rather than those of its customer when such issuer honors a proper draft under a letter of credit); *In re Compton Corp.,* 831 F.2d 586, 589 (5th Cir.1987) (same), (c) "a bankruptcy trustee [-or a debtor-in-possession, as is the Debtor—thus] is not entitled to enjoin a[ ] payment of funds under a letter of credit from the issuer to the beneficiary[ ] because such a payment is not a transfer of debtor's property (a threshold requirement under 11 U.S.C. § 547(b))," *Compton,* 831 F.2d at 589, and (d) the draw by F & S on the Letter of Credit constituted a transfer of the issuing bank's property rather than a transfer of the Debtor's property. The Debtor contrarily argues that it has an interest in the Letter of Credit proceeds, and relies for support upon the decisions in *Oldden v. Tonto Realty Corp.,* 143 F.2d 916 (2nd Cir.1944), and *In re PPI Enterprises, Inc.,* 324 F.3d 197 (3rd Cir.2003), wherein a letter of credit issued by a third party to secure a lease obligation is equated with a security deposit. Unfortunately for the Debtor, *Oldden* and *PPI Enterprises* confine their equation of a letter of credit with a security deposit to their resolution of the bankruptcy issue of whether a letter of credit draw must, like a security deposit, be subtracted from the § 502(b)(6) cap on lease termination damages. Importantly for the instant matter, *Oldden* and *PPI Enterprises* neither hold nor imply that a debtor has a property interest in letter of credit proceeds. Therefore, even if it is the case that a debtor retains an interest in a security deposit up until the same is validly set off, the Debtor never possessed a property interest in the Letter of Credit proceeds, which means that the draw by F & S on the Letter of Credit does not constitute an avoidable preference under 11 U.S.C. § 547(b).

■ The Debtor argues that, the analysis by the Court in the preceding paragraph herein notwithstanding, the Draw by F & S on the Letter of Credit may nevertheless be avoided as preferential under § 547(b) because the same constitutes a preferential *indirect* transfer given that, as the Debtor alleges, in exchange for the issuance of the Letter of Credit, the Debtor also pledged collateral to the issuing bank. As support for such position, the Debtor relies entirely upon one particular sentence from the *Metro Communications* decision, to wit "If Debtor granted a valid security interest in its property to Mellon in exchange for the issuance [by Mellon] of the letters of credit, then payment thereon could be an indirect transfer and a preference to the PAC–10[, the letter of credit beneficiary]," *Metro Communications,* 115 B.R. at 854. Such sentence, which is cer-

tainly perplexing, could, when viewed in isolation from the remainder of the *Metro Communications* decision, admittedly provide fuel for the Debtor's position as just set forth. Unfortunately for the Debtor, the *Metro Communications* decision, when read in its entirety, can only be properly cited for the proposition that the potentially preferential indirect transfer to a letter of credit beneficiary that such court speaks of is not the payment to such beneficiary from the issuing bank (i.e., the draw on such letter of credit) but rather the grant by a debtor to the issuing bank of a security interest in such debtor's property so as to obtain the issuance of such letter of credit for such beneficiary's benefit. *See Id.* at 854 ("Although the letter of credit and the payments made therefrom may not be property of the debtor, the collateral pledged by the debtor as security for the letter of credit is estate property." "When a debtor pledges any of its assets to a third party as collateral in exchange for issuance by the third party of a letter of credit for the benefit of debtor's creditor, an indirect transfer of debtor's property for the benefit of a creditor is deemed to have occurred for purposes of § 547(b).") & *Id.* at 857 (holding that "[i]n a [secured] letter of credit transaction, the transfer of *debtor's* property occurs when the letter of credit is issued and received by the beneficiary, not when the issuer pays on the letter of credit;" the court cites to *Compton*, 831 F.2d at 591, in holding as it does, and *Compton*, in turn, holds that "the transfer of debtor's property takes place at the time the letter of credit is issued [because that is] ... when the security interest is granted [by the debtor]"). Of course, an indirect transfer as just described, that is the grant by a debtor to the issuing bank of a security interest in such debtor's property so as to obtain a letter of credit in favor of such debtor's creditor, is preferential only if

such security interest is granted within the 90–day preference period. *See Metro Communications*, 115 B.R. at 857; *Compton*, 831 F.2d at 595. Unfortunately for the Debtor, it concedes in the instant matter that the date upon which it allegedly pledged collateral in exchange for the issuance of the Letter of Credit is far outside of the 90–day preference period in the instant case. Therefore, presuming *arguendo* that such pledge of collateral in fact occurred, the same cannot constitute an avoidable preferential transfer to F & S.

In light of the foregoing, F & S is entitled to judgment in its favor at this time with respect to the Debtor's preference cause of action regarding the Letter of Credit.

## II.

■ As for F & S' application of the Debtor's security deposit (hereafter "the Security Deposit") to F & S' lease damages that were allegedly caused by the Debtor, the Court rules for several reasons that such application may not be avoided as preferential.

First, the application of the Security Deposit by F & S constitutes a setoff of the same, *see* 5 *Collier on Bankruptcy* ¶ 553.03[3][c][iii] at 553–37 (Bender 2004); *In re Aspen Data Graphics, Inc.*, 109 B.R. 677, 683–684 (Bankr.E.D.Pa.1990), which setoff the parties agree occurred pre-petition. With two exceptions that do not apply in the instant matter, "[a] prepetition setoff is not avoidable as a preference under section 547." 5 *Collier on Bankruptcy* ¶ 553.09[1] at 553–87. The foregoing is true because (a) "a preference under section 547(b) requires a prepetition 'transfer' of an interest of the debtor in property," *Id.* at ¶ 553.09[1][a] at 553–87, and (b) "[t]he term 'transfer' is defined in Code section 101, and the definition inten-

tionally omits 'setoffs.'" *Id.* at ¶ 553.09[1][a] at 553–88 (pointing out that the legislative history makes clear that setoffs cannot be avoided as preferential transfers). Therefore, F & S' pre-petition setoff of the Security Deposit may not be avoided as preferential under § 547(b).

Second, and contrary to the plea of the Debtor, F & S' pre-petition setoff of the Security Deposit may not be avoided under 11 U.S.C. § 553(a)(1) on the ground that F & S' claim for lease damages must be disallowed. The Court so rules because, as a matter of law, "[a] prepetition setoff is not avoidable as a preference . . . under section 553(a)(1)." *Id.* at ¶ 553.09[1] (citing *Durham v. SMI Industries Corp.,* 882 F.2d 881, 882–883 (4th Cir.1989)).

Section 553(a)(1) is not an avoidance provision. If the setoff in question has already taken place before the commencement of the debtor's case, section 553(a)(1) does not apply retroactively to avoid the claim or otherwise subject the setoff to attack as a preference. The reason for this conclusion is straightforward. If an otherwise valid prepetition setoff has been taken, the creditor's prepetition claim is extinguished to the extent of the setoff. Thus, there is no claim to disallow in the subsequent bankruptcy proceedings.

*Id.* at ¶ 553.09[1][c][i] at 553–89 to 553–90 (once again citing to *Durham*).

Third, the Court summarily rejects the Debtor's contention that 11 U.S.C. § 553(b) applies to F & S' setoff because the Debtor fails to demonstrate how F & S improved its position vis-a-vis the amount of its claim against the Debtor in relation to the amount of the Security Deposit within the 90–day preference period in the instant case.

Finally, even if the setoff of the Security Deposit were to constitute a "transfer" so that the same could be subjected to a preference analysis under § 547(b), the Debtor still cannot withstand the entry of a summary judgment at this time with respect to such preference cause of action. The Court so rules because F & S has presented evidence to the effect that such setoff occurred well outside of the 90–day preference period in the instant case, which evidence the Debtor has failed to rebut sufficiently so as to avoid (a) a directed verdict in F & S' favor on the issue presented under § 547(b)(4)(A), and (b) a corresponding entry of a summary judgment in F & S' favor. The Court also holds, as a matter of law, that the Security Deposit is subject to some sort of encumbrance that amounts, or that is at least akin, to a perfected security interest or lien in F & S' favor, *see In re Johnson,* 215 B.R. 381, 384 (Bankr.N.D.Ill.1997) (landlord's interest in security deposit akin to a lien); *In re Atlanta Times, Inc.,* 259 F.Supp. 820, 827–828 (N.D.Ga.1966) (equipment lessor had a perfected security interest in security deposit that it held); *In re K & R Mining, Inc.,* 105 B.R. 394, 397 (Bankr.N.D.Ohio 1989) (quoting *In re Burnside Steel Foundry Co.,* 90 B.R. 942, 944 (Bankr.N.D.Ill.1988), wherein it was held that one who obtains a retainer of money is like a landlord who obtains a security deposit in the sense that both thereby hold a possessory security interest in cash); *In re Shapiro,* 124 B.R. 974, 982 (Bankr.E.D.Pa.1991) (purchaser of real property had a special interest in escrow funds closely analogous to a security interest); *Brooks Shoe Manufacturing Co., Inc. v. United Telephone Co.,* 39 B.R. 980, 982 (E.D.Pa.1984) (by virtue of utility company's possession of a security deposit, such company had a perfected security interest in such deposit); *In re Northeastern International Airways, Inc.,* 99 B.R. 487, 488–489 (Bankr.S.D.Fla.1989) (creditor had a perfected possessory security interest in a

security deposit that it held), which encumbrance necessarily enables F & S to prevail with respect to the preference element under § 547(b)(5), that is the existence of such encumbrance necessarily would have enabled F & S to receive as much as it received via the setoff even if such setoff had not occurred and F & S instead only received what it was entitled to by way of a Chapter 7 distribution, *see Aspen Data Graphics,* 109 B.R. at 685 n. 13 ("landlord [with secured claim] could not have received less by means of a liquidation in bankruptcy"); 9DAm.Jur.2d *Bankruptcy* § 2555 (West 2004) (payments to a creditor with secured status are not preferential "since the creditor does not receive more than it would receive in a Chapter 7 liquidation").

In light of the foregoing, F & S is entitled to judgment in its favor at this time with respect to the Debtor's preference cause of action regarding the Security Deposit.

## III.

**IN SUMMARY,** F & S' motion for partial summary judgment is **GRANTED.**